STATE *v.* McNAIR.

Opinion delivered January 4, 1902.

DEPUTY PROSECUTING ATTORNEY'S FEES.—Under act of April 9, 1895, providing that a deputy prosecuting attorney may file with any justice in his county information charging any person with carrying weapons unlawfully, with a violation of the "blind tiger" act, or with gambling, and "that no prosecuting attorney or his deputy shall receive any fee unless he personally appears and prosecutes in the case," a deputy prosecuting attorney is not entitled to a fee in a justice's court in an assault and battery case prosecuted by him.

Error to Pope Circuit Court.

WILLIAM L. MOOSE, Judge.

Affirmed.

*George W. Murphy, Attorney General,* for appellant.

The court's declaration of law was erroneous. Sand. & H. Dig., §§ 6021, 3304; Acts 1895, p. 106; Sand. & H. Dig., § 6021.

*Tom D. Brooks,* for appellee.

Deputy prosecuting attorneys were created for certain purposes only. Sand. & H. Dig., §§ 1928, 6010, 6011. Section 6021, Sandels & Hill's Digest, does not authorize information under oath in justices' courts. 47 Ark. 442; 55 Ark. 387.

HUGHES, J. The appellee was charged with assault and battery, on an information made by a prosecuting attorney, which was filed before a justice of the peace by the deputy prosecuting attorney. He appeared before the justice, and entered a plea of guilty, and at the time the deputy prosecuting attorney was present, and claimed a fee of ten dollars, which was allowed by the justice. From this allowance he appealed to the circuit court. The circuit court held that the prosecuting attorney could claim a fee in justice's court only when present in person or by deputy, in pistol, whisky and gambling cases. The state appealed to this court. Does the judgment reflect the law?

It appears that the position or office of deputy prosecuting attorney was first provided for in this state by act of 1883 (page 301, § 2), known as the "Blind Tiger Act," and he was given power alone to assist in enforcing said act. This act appears as section 1928 in Mansfield's Digest. The act of March 13, 1893, enlarged the powers of deputy prosecuting attorneys in justices' courts, as appears in sections 6010, 6011, Sandels & Hill's Digest. Up to the passage of this act in 1893, prosecuting attorneys, "when present and prosecuting cases," were allowed fees, by section 3233 of Mansfield's Digest. But the legislature of 1895 (Act April 9, 1895) amended sections 6010 and 6011 by providing in section 1 of said act "that the prosecuting attorneys in the several judicial circuits of this state may appoint one deputy in each of the several counties composing their circuits," etc. Section 2 of said act of 1895 provides "that section 6011 of Sandels & Hill's Digest of the statutes of Arkansas be, and the same is hereby, amended to read as follows: Section 6011. The deputy prosecuting attorney provided for in section 1 of this act shall have authority to file with any just-

ice of the peace in his county information charging any person with carrying weapons unlawfully, unlawful sale of or being interested in the sale of liquors, violation of blind tiger act, or gambling, whereupon it shall be the duty of the justice of the peace to issue a warrant for the arrest of the offender, and in such cases no bond shall be required for costs of prosecution." Sec. 3. "That whenever any person shall have been arrested under a warrant issued in accordance with the preceding section, and shall plead not guilty and demand a trial on the charge therein, it shall be the duty of the deputy prosecuting attorney to attend and prosecute such charge on behalf of the state, and in the event of a conviction he shall be allowed the same fees as are now allowed in similar cases in the circuit court." Sec. 4. "In any criminal action pending before any justice's court, where the defendant is charged with any offense mentioned in section 2 of this act, by affidavit or otherwise, and shall plead not guilty, and shall secure the services of an attorney to represent him on the trial, it shall be the duty of the justice to cause the prosecuting attorney or deputy for said county to be notified of the nature of the charge, and the time and place of trial, and such prosecuting attorney shall attend and prosecute in behalf of the state, and in case of conviction shall be allowed the same fee as is now allowed in similar cases in the circuit court, and that no prosecuting attorney or his deputy shall receive any fee unless he personally appears and prosecutes in the case, nor shall any court tax any fee where such officer does not appear and personally prosecute." Sec. 5. Repeals all acts in conflict.

So it appears that the judgment in the circuit court is correct. The deputy prosecuting attorney can prosecute only in cases of violations of the law against the unlawful sale of whisky, carrying weapons unlawfully, violation of the blind tiger act, or gambling, and the prosecuting attorney is entitled to a fee only when he is present and prosecutes in person.