GOLDMAN v. GOODRUM.

Opinion delivered February 10, 1906.

1. APPEAL—EFFECT.—An appeal from a judgment canceling a license to sell liquors did not supersede the judgment, and any sale made by the licensee pending such an appeal was unlawful. (Page 581.)

2. LIQUORS—UNLAWFUL SALE—ENFORCEMENT.—Under the general rule that an act done in disobedience of the law creates no right of action which a court of justice will enforce, a suit will not lie to recover the price of liquor sold in violation of law. (Page 581.)

Appeal from Lonoke Circuit Court; GEORGE M. CHAPLINE, Judge; affirmed.

*George Sibly,* for appellant.

*T. C. Trimble, Joe T. Robinson* and *Thomas C. Trimble, Jr.,* for appellee.

1.   The sale of the liquor being contrary to statute, the contract was void.   48 Ark. 487; 3 Am. & Eng. Enc. Law, 1 Ed. 872; 32 Ark. 620; 108 Mass. 519.   When the immediate object of an agreement is illegal, the agreement is void.   3 Am. & Eng. Enc. of Law (1 Ed.), 886.   Sale of liquor after judgment of circuit court annulling the license is illegal.   70 Ark. 312; 53 Ark 236; 71 Ark. 419.

2.   Courts will take judicial notice of their own records.   12 Am. & Eng. Enc. of Law, 1 Ed. 183.   The record of a judgment proves itself.   82 Ill. 279.

McCULLOCH, J.   Appellant seeks to recover the amount of an account for intoxicating liquors sold in quantities not less than a quart.   He was by the county court of Lonoke County granted a license to sell liquor, but on the appeal of certain citizens who remonstrated against granting the license the circuit court canceled his license, and he appealed to this court.   The record in the case at bar does not disclose whether or not the appeal was ever perfected, and, if so, what disposition was finally made of the case. Subsequent to the judgment of the circuit court canceling the license, the liquor in question was sold by appellant.   He contends that there is no proof in the record that his license had been canceled, but that the trial court took judicial notice of that fact, the judgment of cancellation being a part of the records of that court.   The record does not bear out that contention, for the bill of exceptions does contain a copy of the judgment of the circuit court canceling the license.   An appeal to this court from the judgment canceling the license did not supersede the judgment, and any sale of liquor thereafter made by appellant was unlawful.

A sale of intoxicating liquor without license being a violation of law, a suit to recover the price of the liquor sold can not be maintained.   The contract is illegal and void, and can not be

enforced. 17 Am. & Eng. Enc. Law, p. 305; Black on Intox. Liq. § 249; *Miller* v. *Ammon*, 145 U. S. 421.

*Miller* v. *Ammon, supra,* was a suit brought by a dealer in liquor in violation of an ordinance passed by the city council of the city of Chicago, to recover the price of a large quantity of beer sold, and Mr. Justice Brewer, speaking for the court, said: "By the ordinance, a sale without a license is prohibited under penalty. There is in its language nothing which indicates an intent to limit its scope to the exaction of a penalty, or to grant that a sale may be lawful as between the parties, though unlawful as against its prohibition; nor, when we consider the subject-matter of the legislation, is there anything to justify a presumed intent on the part of the lawmakers to relieve the wrong-doer from the ordinary consequences of a forbidden act. By common consent the liquor traffic is freighted with peril to the general welfare, and the necessity of careful regulation is universally conceded. Compliance with those regulations by all engaging in the traffic is imperative; and it cannot be presumed, in the absence of express language, that the lawmakers intended that contracts forbidden by the regulations should be as valid as though there were no such regulations, and that disobedience should be attended with no other consequence than the liability to the penalty. There is, therefore, nothing in the language of the ordinance or the subject-matter of the regulations which excepts this case from the ordinary rule that an act done in disobedience to the law creates no right of action which a court of justice will enforce."

Judgment affirmed.