## COBB v. SCOGGIN.

Opinion delivered January 13, 1908.

CONTRACT—DIVISION OF OFFICER'S FEES—VALIDITY.—An agreement by a prosecuting attorney to divide all his fees with a deputy in consideration that the deputy would assist him in the discharge of his official duties

is a contract to pay to such deputy more compensation than fixed by law and is void.

Appeal from Garland Chancery Court; *Alphonso Curl,* Chancellor; affirmed.

M. S. Cobb brought suit against W. T. Scoggin, alleging as follows:

"Plaintiff states that on or about the 1st day of April, 1906, the defendant, W. T. Scoggin, was duly appointed as prosecuting attorney for this district to fill the unexpired term of the late H. R. Morrison. That just after the said appointment defendant came to plaintiff and offered to appoint him as his deputy in this county and divide the fees of said office of prosecuting attorney for Garland County equally with plaintiff if plaintiff would accept the appointment of deputy prosecuting attorney for this county and assist him in the discharge of the duties of the office of prosecuting attorney in Garland County. That plaintiff and defendant then entered into an agreement by which plaintiff promised and agreed to accept the appointment of deputy prosecuting attorney under defendant and to aid, assist, counsel and advise defendant in matters pertaining to the office of prosecuting attorney in this county, whenever his services and advice were needed, except that plaintiff was not to appear and prosecute misdemeanor cases before the justices of the peace, except when called on by the justices of the peace to do so and when defendant was not able to be present, in consideration of the promise and agreement of defendant to appoint plaintiff his deputy in Garland County and to divide equally with defendant all fees that might accrue to him as prosecuting attorney in said county.

"That, pursuant to said agreement on the 6th day of April, 1906, plaintiff was duly and legally appointed deputy prosecuting attorney for Garland County, and his appointment was duly approved by Hon. A. M. Duffie, who was then the circuit judge presiding over this district. That plaintiff thereupon entered upon his duties upon said contract with defendant and faithfully discharged said duties until he was dismissed by defendant on the 7th day of September, 1906, by letter from Benton. That during said time plaintiff performed most of the

arduous legal duties of the office of prosecuting attorney in Garland County. That he drew all of the indictments returned by the grand jury of the said county from the time he entered upon the duties of his office until he was dismissed and spent many weeks of arduous labor in the cases known as the pool room cases and in every way carried out his part of the said agreement.

"That on the 6th day of September, 1906, plaintiff was dismissed by defendant without cause.

"Plaintiff states that, during the time he served as deputy prosecuting attorney under the said agreement between himself and defendant, there were a large number of convictions secured and a large amount of money collected by defendant as the fees of his said office. That the records of the various justices of the peace for Hot Springs township in Garland County, which are now on file in the office of the county clerk of said county, show that there were ......... convictions for various misdemeanors and the records of the Garland Circuit Court show that there were ........ convictions for felonies and ........ convictions for other crimes during the time the plaintiff and defendant worked together under their agreement. That there has never been an accounting of the amount of money collected by the defendant as the fees of his said office, nor of the amount of money earned as the fees of his said office, and plaintiff is unable to state the exact amount earned or collected by defendant during the time of their said agreement, but plaintiff is informed and believes the truth to be that defendant collected about $3,500 during said time.

"That plaintiff has received only $674 as his share of the fees of said office of prosecuting attorney. That defendant, notwithstanding the said agreement between himself and plaintiff, has refused and still refuses to pay plaintiff any more or to account to him for the money received by him as the fees of his said office during the time he and plaintiff worked together under their said agreement.

"That, in order to ascertain accurately the amount of fees earned by plaintiff and defendant and the amount of money collected, it will be necessary to examine the records of the justices of the peace for Hot Springs township, the books of

the constable of Hot Springs township, the docket of the circuit court of Garland County, and the books of the collector of Garland County. That these records contain many items, and they are so complicated that an accurate accounting can only be had in this court.

"Wherefore plaintiff prays that an account be taken of all the fees earned by the prosecuting attorney's office in Garland County and the amount of said fees actually collected by the defendant from 6th day of April, 1906 to the 7th day of September, 1906, and that when the accounts are properly adjusted he have judgment against the defendant for such amount as may be found to be due him as his share of the fees of said office, and for other relief."

The court sustained a demurrer to the above complaint. Plaintiff appealed.

*C. V. Teague*, for appellant.

1. Chancery has jurisdiction. 74 Ark. 227; 71 Ark. 326; 48 Ark. 426; 49 Ark. 575; 31 Ark. 345; 9 Ark. 57.

2. The contract is not void as against public policy. The prosecuting attorney may lawfully contract to divide his fees with another attorney for services rendered in the discharge of official duties. 8 Ark. 57; 37 Am. Dec. 286; 11 Cent. Dig., Tit. Contracts, § 582. The contract is not contrary to public policy because there is no consideration other than his services and fitness for the place moving from appellant to appellee as an inducement for his appointment—no agreement antedating appellee's appointment to the office, no assignment of fees, no "farming out" of the office, no purchase of the deputyship. 4 L. R. A. (N. S.) 212; 33 Am. Rep. 558.

*A. J. Murphy* and *Hogue & Cotham*, for appellee.

The duties as well as the fees for services of a deputy prosecuting attorney are prescribed by statute, and he can not lawfully perform other services nor receive other compensation than such as the statute provides for and permits. Kirby's Digest, § § 6387-6391; 70 Ark. 65. The contract sued on is clearly contrary to public policy. 9 Cyc. 496-7; *Id.* 495; Greenhood on Pub. Pol. 326; 2 Wall. 56; 8 Ark. 74; 63 Ark. 318; 3 L.

R. A. 63; 9 L. R. A. 221; 9 L. R. A. 706; 21 L. R. A. 827; 23 *Id.* 97; 48 *Id.* 441; *Id.* 842; 81 Ark. 48.

HILL, C. J. Cobb was appointed deputy prosecuting attorney by the prosecuting attorney, and was discharged, and has brought suit to recover on a contract alleged to have been entered into between them at the time of his appointment.

The complaint, which will be found in the statement of facts, was met by a demurrer, which was sustained, and Cobb has appealed.

The duties of a deputy prosecuting attorney lie wholly within the courts of justices of the peace, and their fees are entirely dependent upon performing services there. Sections 6387 to 6391, Kirby's Digest; Acts 1905, p. 559; and *State* v. *McNair,* 70 Ark. 65.

The complaint alleges that this deputy was not to perform services in justice's court, except when called on by the magistrate to do so, and when the prosecuting attorney could not personally appear. Presumably, this provision of the contract was made on the account of section 6390, Kirby's Digest, making it the duty of the prosecuting attorney, or his deputy, to attend magistrate's court when called upon to do so by the magistrate. With this exception, the whole services to be performed by the deputy were to assist the prosecuting attorney in the proper discharge of his own duties.

Where an officer's compensation consists of fees for services of himself and deputies, it is competent for him to contract with his deputies for a division of the fees. *Witter* v. *Arnett,* 8 Ark. 57. Mr. Mechem thus states the rule:

"Where the duties of an office are such as may be performed by a deputy, and the fees attached to the office belong primarily to the principal, he may agree with his deputy to allow him a fixed compensation for his services, or that the deputy shall permit the principal to retain a certain proportion of the profits of the office." Mechem on Public Officers, § 379.

But this is not such a case. The duties to be performed by the deputy in this case were principal's duties, and not deputy's duties, and the principal agreed out of his compensation to pay

the deputy more compensation than the law authorized such deputy to receive.

Mr. Throop says: "It results from the proposition * * * that an officer is not entitled to compensation, unless it is given to him by the constitution or a statute, that where a a compensation is thus given, whether by salary, or by fees, or by commissions, or otherwise, it is in full of all his official services; and he is not entitled to demand or receive any additional compensation, from the public or from an individual, for any service within the line of his official duty; although his duties have been increased, or entirely new duties have been added, since he assumed office; or, if his compensation consist of fees, although the service is one for which no fee is provided by law. And this proposition is declared and illustrated in numerous American authorities." Throop on Public Officers, § 478.

A contract to pay an officer more or less compensation than that fixed by law is contrary to public policy and void. Mechem on Officers, § § 379-381; Throop on Public Officers, § § 477, 478; 9 Cyc. 496, 497 and notes 2 and 3.

Judgment affirmed.