COMPAGIONETTE *v.* MCARMICK.

Opinion delivered June 14, 1909.

1. APPEAL AND ERROR—CONCLUSIVENESS OF CHANCELLOR'S FINDINGS.—A chancellor's findings of fact are conclusive unless clearly against the preponderance of the evidence.  (Page 71.)

2. CONTRACTS—ILLEGALITY.—Under Kirby's Digest, § 1636, making it a misdemeanor to sell an animal having the glanders, a note given for the purchase of a horse known to the seller to have the glanders is void.  (Page 72.)

Appeal from Clay Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

*Taylor & Brown* and *G. B. Oliver,* for appellant.

1. In order to render one liable for false representations, it must be shown that he made such representations with actual knowledge of their falsity and with fraudulent intent. 14 Am. & Eng. Enc. of L. 86; 22 Ark. 454; 23 Ark. 289; 38 Ark. 334; 31 Ark. 170; 71 Ark. 305. Such representations must be relied upon, at least in part, by the purchaser. 8 Ark. 146; 47 Ark. 148; 26 Ark. 28; 11 Ark. 58; Benjamin on Sales, § 429.

2. In all sales of personal property the rule of *caveat emptor* applies, unless some relation of trust or confidence exists between the parties. 20 Cyc. 49; 7 Ark. 167; 14 Ark. 21; 45 Ark. 284. The only act of which appellee can complain is the procuring a third party to by-bid on the sick mule. But by-bidding does not always avoid a sale. 76 Am. Dec. 101; Tiedman on Sales, § 165, p. 231; 19 Ark. 522.

*J. N. Moore,* for appellee.

In the light of the testimony appellant's representations were false. If it can be said that he did not have actual knowledge of the diseased condition of the mules, he had such knowledge as would put a reasonable man upon inquiry. The purchaser had

the right to rely on the truth of his statements. 44 Ark. 219; Benjamin on Sales, 4th Am. Ed., § 453. This case falls within the exceptions to the rule *caveat emptor*. 20 Cyc. 49, 50, 51; *Id.* 57, 58. See also 3 Keyes (N. Y.) 392; 24 Mo. 223; 30 Mo. 406; 94 Mo. 423. Employment of a by-bidder invalidates the sale. 19 Am. Rep. 232; 53 *Id.* 561; 85 Am. Dec. 168; 87 Ill. 222; 19 Am. Rep. 332; 85 Mo. 152; 55 Am. Dec. 195; 20 N. J. Eq. 159; 17 Hun (N. Y.) 370; 18 Am. Dec. 564; 2 *Id.* 626; 55 *Id.* 492.

FRAUENTHAL, J. On December 3, 1906, the plaintiffs, J. W. McArmick and C. E. McArmick, instituted this suit against the defendant, Joe Compagionette, in the chancery court of Clay County, and in their complaint they alleged that on the 22d day of September, 1906, the defendant sold to the plaintiff, J. W. McArmick, two mules, at public sale, for $249.50, and also some harness for $2.50; and that the plaintiffs executed their joint note therefor, which had not then matured; that at the time of the sale the mules were infected with the disease known as "glanders," and that the defendant knew that the mules were so afflicted, and with the intent to defraud defendant caused the mules to be sold at the public sale at which the plaintiff bought. That the defendant was insolvent, and was preparing to sell the notes. They asked that the defendant be enjoined from disposing of the notes and finally from collecting same. With the complaint the plaintiffs tendered the price of the harness. The defendant filed an answer to the complaint in which he denied that the mules were afflicted with the glanders, and denied that he knew that the mules were so diseased, and denied any intention to defraud in making said sale. The plaintiff J. W. McArmick died during the pendency of the suit, and as to him the cause was revived in the name of his administrator. Upon the trial of the cause the chancellor found "that the sale of said mules was void as to plaintiffs by reason of fraud practiced in the sale," and decreed that the price of the harness, tendered by the plaintiffs, be paid to the defendant, and that the defendant be perpetually enjoined from disposing of and collecting said note.

It is urged by the defendant that the evidence is not sufficient to sustain the chancellor in his finding of facts. We do not think

it necessary to set out in any detail the testimony establishing the issues of this cause. We have carefully examined the same, and from this it appears that at the time of the sale one of the mules had what was then said to be the distemper. Immediately after the sale the plaintiff began doctoring the mule, and this mule died about November 20, following the sale; and the other mule died about December 1, following that date. Witnesses testified as to the various symptoms which these mules exhibited, which indicated that they had the glanders. An experienced veterinary surgeon, engaged in the government service as veterinary inspector for the Bureau of Animal Industry, testified that, from the symptoms described, the mules undoubtedly had the glanders at the time of the sale and died from that disease. So that we think that the testimony amply sustains the finding of the chancellor that these mules were infected with glanders at the time of the sale. The more difficult question to determine is whether the defendant knew this. It would serve no useful purpose to here set out the various circumstances adduced in evidence by which it is attempted to prove that the defendant knew that the mules were so afflicted.

The chancellor by the decree made a finding to this effect. Upon an examination of the testimony we cannot say the finding of the chancellor is against the preponderance of the evidence. By the repeated decisions of this court the finding of the chancellor as to the issues of fact under these circumstances becomes conclusive. *Whitehead* v. *Henderson,* 67 Ark. 200; *Hinkle* v. *Broadwater,* 73 Ark. 489; *Bank of Pine Bluff* v. *Levi,* 90 Ark. 166.

It is urged by counsel for appellant that there is no testimony showing that the defendant warranted the soundness of the mules; and that the evidence is not sufficient to prove that the defendant intended to or did perpetrate a fraud in making the sale; but that the defendant at the time of the sale announced that one of the mules had the distemper. But the true question that is involved in this case, and which fixes its determination, is not whether the defendant warranted the quality of the animals. The facts as settled by the finding of the chancellor, and which we hold are sufficiently sustained by the evidence, are that these mules were at the time of the sale infected with the disease of

glanders, and that defendant was aware of this. Such a sale is prohibited by the statutes of this State, and any contract founded thereon is therefore. invalid.

Section 1636 of Kirby's Digest provides: "Any person who shall sell or offer for sale or use or expose or who shall cause or procure to be sold or offered for sale, or used, or to be exposed, any horse or other animal having the disease known as the glanders or farcy or any other contagious. or infectious disease known to such person to be dangerous to human life, or which shall be diseased past recovery, shall be guilty of a misdemeanor."

And section 1637 of Kirby's Digest provides that: "Every animal having glanders or farcy shall at once be deprived of life by the owner or person having charge thereof upon discovery or knowledge of its condition; and any such owner or person omitting or refusing to comply with the provisions of this section shall be guilty of a misdemeanor."

A sale is illegal where the statute expressly declares it to be so, or where it prohibits its execution; and a sale is equally invalid where the statute only imposes a penalty upon the party for making it. It is not necessary that the statute should expressly declare the contract of sale to be void; but the infliction of a penalty upon what is declared as an offense implies a prohibition of such act, and thereby renders void any contract founded on such act. In this State it is the well-settled doctrine that: "Every contract made for or about any matter or thing which is prohibited and made unlawful by statute is a void contract." *Tucker* v. *West,* 29 Ark. 386; *Lindsey* v. *Rottaken,* 32 Ark. 619; *Martin* v. *Hodge,* 47 Ark. 378; *Goldman* v. *Goodrum,* 77 Ark. 580; Tiedeman on Sales, § 306; 2 Mechem on Sales, 1044; 1 Page on Contracts, § 327. See also *George* v. *Johnson,* 6 Humph. (Tenn.) 36, 44 Am. Dec. 288.

The note involved in this case was executed in pursuance of a sale of mules having the disease known as glanders. For making such sale a penalty is imposed by the statute of our State. This renders the note void.

We therefore find no error in the decree; and it is affirmed.