Cox *v.* Wasson.

4-3071

Opinion delivered May 15, 1933.

454

*M. F. Elms,* for appellant.

*Ingram & Moher,* for appellee.

JOHNSON, C. J., (after stating the facts). It is per-
fectly evident from the foregoing statement of facts

that the chancellor was fully warranted in finding from the testimony that the deposits made by Mrs. Cox on January 28 and February 2 were general deposits and not collection items. This is established by the testimony of Mr. Hayes, the assistant cashier of the bank, and he is fully corroborated by the deposit slips which were issued at the time and accepted by Mrs. Cox as the evidence of the transaction.

A chancellor's finding of facts will not be disturbed on appeal unless clearly against the preponderance of the evidence. *Cherry* v. *Brizzolara,* 89 Ark. 309, 116 S. W. 668; *Compagionette* v. *McArmick,* 91 Ark. 69, 120 S. W. 400; *Sullivan* v. *Winters,* 91 Ark. 149, 120 S. W. 843; *Lyons* v. *First Nat'l Bank,* 101 Ark. 368, 142 S. W. 856; *Kissire* v. *Plunkett-Jarrell Grocery Co.,* 103 Ark. 473, 145 S. W. 567.

It is true, of course, that the testimony on behalf of appellee was controverted by the testimony on behalf of appellants, but this made the issue of fact for the trial court's determination, and we cannot say that the chancellor's findings were against a preponderance of the testimony.

It is next insisted on behalf of appellant that the deposit slip executed on February 17, 1933, evidencing the deposit in the name of the administrator of the estate of Mrs. Cox, which deposit slip provided on its face, "trust fund to be paid under of court," created an express trust under subdivision 5 of § 1 of act 107 of 1927. To this we cannot agree. This court held in *State, etc.,* v. *Arkansas Bank & Trust Company,* 183 Ark. 1108, 40 S. W. (2d) 429; that the agreement there under consideration did not create an express trust "because the agreement was not with the county, and to be an express trust within the meaning of the act (act 107 of 1927), the agreement must be between the trustee and the *cestui que* trust, signed by the trustee at the time the contract for the deposit of the fund was made. Express trusts are thus created by the direct and positive act of the parties manifested by some instrument in writing whether by deed, will or otherwise."

It is perfectly evident that the notation on the deposit slip referred to above does not create an express trust as defined in the case cited *supra* or as defined by any other authority which has been called to our attention in briefs.

We therefore conclude that the chancery court of Arkansas County was correct in classifying the claims in this controversy as common instead of preferred. No error appearing, the decree of the Arkansas Chancery Court is in all things affirmed.