SARKCO, INC. *v.* C. RAY EDWARDS, D/B/A
EDWARDS PLAN SERVICE

5-6001                                                   482 S.W. 2d 623

Opinion delivered July 17, 1972

*Tackett, Moore, Dowd & Harrelson,* for appellant.

*Young & Patton,* for appellee.

CARLETON HARRIS, Chief Justice. C. Ray Edwards operates Edwards Plan Service in Texarkana, Texas which, *inter alia* engages in planning residential apartments, preparing plans, specifications, and supervision. Edwards instituted suit in the Miller County Circuit Court in July, 1970, alleging that he had entered into a contract with

Sarkco, Inc., in July of 1968 to furnish services in connection with the plans, specifications and supervision, and engineering of the Orleans apartments in Texarkana, Arkansas; that after crediting Sarkco with amounts paid, he was still due the sum of $14,500, and judgment was sought in that amount. Sarkco, Inc., appellant herein, filed a general denial and further pleaded the statute of frauds, asserting that the alleged contract was not in writing and that the services sued for could not have been completed within a year. It was further alleged that Edwards had been paid for all services which had been rendered. Subsequently, Sarkco amended its answer and, in addition to the defenses already pleaded, further alleged that the actions alleged by Edwards were contrary to Ark. Stat. Ann. §§ 71-301 through 71-308, in that said statutes prohibited the activities for which Edwards was suing unless Edwards was a registered architect or engineer; that appellee was not a registered architect or engineer, and his cause of action was thus void.[1] Motions for directed verdict at the conclusion of appellee's testimony and at the conclusion of all the testimony were made by appellant but such motions were denied and the jury returned a verdict for Edwards in the amount of $11,667. A motion for judgment *non obstante veredicto* and a motion for a new trial were both denied by the court. From the judgment entered in accordance with the jury verdict, appellant brings this appeal. The contention that the contract was unenforceable because of the statute of frauds is not argued by appellant, and that point accordingly is waived and goes out of the case. *Elton Gordon et al* v. *Street Improvement District No. 1 of Gillett et al*, 242 Ark. 599, 414 S.W. 2d 628.

We agree however with appellant that this case must be reversed. Ark. Stat. Ann. § 71-308 (Repl. 1957) provides as follows:

"Any person who shall practice or offer to practice the profession of architecture in this state without being registered or exempted therefrom in accordance with the provisions of this act [§§ 71-301—71-313], [2] or

---

[1] No argument is presented relative to the place of the contract, or whether Texas or Arkansas law applies. It is interesting to note that Texas has a statute substantially similar to the Arkansas statute; Vernon's Texas Civ. Stat. Ann. Art. 249a § 10 (a) 6.

[2] Appellee does not come within the exemptions.

any person who shall give any false or forged evidence of any kind to the examining body or to any member thereof for the purpose of obtaining a certificate of registration, or any person who shall falsely impersonate any other registrant of like or different name, or any person who shall attempt to use an expired or revoked certificate of registration, or who shall violate, or aid or abet any violation of, any of the provisions of this act, shall be guilty of a misdemeanor and shall, upon conviction, be sentenced to pay a fine of not less than fifty dollars [$50.00] nor more than five hundred dollars [$500.00] or suffer imprisonment for a period not exceeding 3 months or both so fined and imprisoned, each day of such unlawful practice to constitute a distinct and separate offense.

In *Arkansas State Board of Architects* v. *Bank Building & Equipment Corp. of America*, 225 Ark. 889, 286 S.W. 2d 323, this court, in defining an architect, stated:

"An architect is one whose occupation it is to form and devise plans and designs and draw up specifications for buildings or structures and to superintend their construction. In the case of *McGill* v. *Carlos*, Ohio Com. Pl. 81 N.E. 2d 726, one of the Ohio courts, in discussing the practice of architecture, used this pertinent language:

'Primarily, an architect is a person who plans, sketches and presents the complete details for the erection, enlargement, or alteration of a building or other structure for the use of the contractor or builder when expert knowledge and skill are required in such preparation. The practice of architecture may also include the supervision of construction under such plans and specifications. See Webster's New International Dictionary; the New Century Dictionary; 3 Ohio Jur., Sec. 1, page 115; *Kansas City Southern R. Co.* v. *Wallace*, 38 Okl. 233, 132 P. 908, 46 L.R.A.N.S., 112; 3 Amer. Jur. Sec. 2, page 998."

There is no dispute but that Edwards was rendering architectural services. From the record during cross-examination of Edwards:

"Q. Now, let me ask you if this is an Arkansas definition of an architect. An architect is one whose occupation is to form and devise plans and specifications and draw up specifications for buildings or structures and superintend their construction. Is that an architect?

A. Yes, sir.

Q. Are you an architect?

A. No, sir.

Q. Why were you charging architect fees in violation of the law?

A. I charged less than an architect.

Q. Let's see what you have said. It doesn't make any difference what you charged. An architect is one whose occupation is to form and devise plans and specifications. You said you did that. And to draw up specifications. You said you did that. For buildings or structures and to superintend their construction. Now, you did that.

A. Yes, sir.

Q. Therefore, you were an architect, weren't you?

A. No, sir.

Q. Well, what in the world did you do that wasn't an architect?

A. I do not claim to be a registered architect.

Q. Oh, I know. But you're drawing fees for it contrary to the law, aren't you? You just got through testifying that you did everything an architect is

supposed to do and you said that an architect is just what I read to you, isn't that right?

A That's right."

As long ago as 1878, this court, in the case of *Lindsey* v. *Rottaken,* 32 Ark. 619, in an opinion by Chief Justice English, held:

"Any act which is forbidden, either by the common or the statutory law—whether it is *malum in se,* or merely *malum prohibitum;* indictable, or only subject to a penalty or forfeiture; or however otherwise prohibited by a statute or the common law, cannot be the foundation of a valid contract; nor can anything auxiliary to, or promotive of such act."

In *Compagionette* v. *McArmick,* 91 Ark. 69, 120 S.W. 400, this holding was reiterated, the court stating:

"A sale is illegal where the statute expressly declares it to be so, or where it prohibits its execution; and a sale is equally invalid where the statute only imposes a penalty upon the party for making it. *It is not necessary that the statute should expressly declare the contract of sale to be void; but the infliction of a penalty upon what is declared as an offense implies a prohibition of such act, and thereby renders void any contract founded on such act.* [our emphasis] In this State it is the well-settled doctrine that: 'Every contract made for or about any matter or thing which is prohibited and made unlawful by statute is a void contract. [citing cases]'

These holdings among several other cases, were reiterated in *Eager* v. *Jonesboro, Lake City & Eastern Express Company,* 103 Ark. 288, 147 S.W. 60; *Florence Cotton Oil Co.* v. *Anglin,* 105 Ark. 672, 152 S.W. 295.

It is apparent, that under the cases cited, the contract entered into between Edwards and Sarkco was void, and

recovery cannot be had. It is argued that it is "unjust and inequitable to allow a fully knowledgeable party to a contract to accept the services of the other party and to allow the other party to expend substantial sums of money in the performance of the contract and then to turn and contend that the contract is unenforceable because the contract was illegal".

We certainly can appreciate this viewpoint but that does not change the law. In addition, Edwards can hardly be classed as "innocent", since he admitted that he was familiar with the Arkansas statute.

The only case cited by appellee is *American Accident and Life Ins. Co. et al* v. *American Pioneer Life Ins. Co. et al*, 247 Ark. 355, 445 S.W. 2d 896, but, without looking further, one pertinent fact quickly marks that case as distinguishable from the case at hand. In *American Accident, supra,* one prayer of the complaint sought relief on a quantum meruit basis, and the opinion points out that there was substantial evidence to support the trial court's finding that the amount allowed was due upon a quantum meruit basis. Here, no relief on that basis was sought, nor any instruction given the jury on that theory. Rather, the jury verdict could only have been based on the provisions of the contract, a contract which appellee was prohibited from entering into by statute.

Reversed and dismissed.