**J. M. WADE, Plaintiff,**

v.

**W. K. INGRAM, d/b/a W. K. Ingram Construction Company and Miller & Miller Auctioneers, Inc., Defendants.**

**No. J–C–78–164.**

United States District Court,
E. D. Arkansas,
Jonesboro Division.

Dec. 10, 1981.

Jon R. Coleman and Douglas Bradley, Bradley & Coleman, Jonesboro, Ark., for plaintiff.

Julian B. Fogleman and John N. Fogleman, Hale, Fogleman & Rogers, West Memphis, Ark., Rufus S. Garrett, Jr., Garrett, Settle & Callaway, Fort Worth, Tex., and Stephen Reasoner, Barrett, Wheatley, Smith & Deacon, Jonesboro, Ark., for defendants.

## MEMORANDUM OPINION

ROY, District Judge.

Plaintiff J. M. Wade brought this action for breach of contract. Plaintiff is a broker of used, heavy equipment.

Plaintiff alleges that he attended an auction of defendant W. K. Ingram's heavy equipment on March 10, 1977, which auction was conducted by defendant Miller and Miller Auctioneers, Inc. He further alleges that he agreed, with Ingram, and had an oral contract, to act as a "by-bidder" at the auction. That is, that he would bid on the equipment, with no intention of buying any, in order to drive up the prices. He contends that Ingram had set minimum prices for the equipment and should the items sell at or above the minimum price, Wade would receive a commission of 5 percent of the minimum price. Should any item be "bought" by the plaintiff at or below the minimum price, Wade was to use his influence and facilities to sell those items. Wade seeks $38,000.00 as his commission pursuant to the alleged oral contract.

The defendants vigorously deny any such contract and the Court finds that the

plaintiff has failed to carry the burden of proof necessary to prove the oral contract.

■ However, assuming *arguendo* that the parties had such an agreement, the purpose would clearly have been to work a fraud on the bona fide bidders. The effect of by-bidding is to drive up the price to an artificially high level to induce bona fide bidders to pay a higher price. It is not disclosed to those bona ·fide bidders that they will actually be bidding in competition with an agent or employee of the seller. For the plaintiff to claim that he was involved in such an arrangement but yet innocent of any wrongdoing is inconceivable, particularly since Mr. Wade testified that he had received an advertisement of the auction sometime prior to the sale indicating that "all items would be sold at public auction to the highest bidder without minimum or reservations." Upon receipt of the auction notice plaintiff was fully advised that any oral contract of the nature alleged in his pleadings would be violative of the published terms of the auction.

The plaintiff's own testimony and his pleadings clearly bring the purported agreement of plaintiff within the definition of a "puffer" which is set forth in 7 Am.Jur.2d, *Auctions and Auctioneers*, Section 22, p. 380 (1980); and 7A CJS, *Auctions and Auctioneers*, Section 15, p. 873 (1980), as follows:

A puffer, in the strictest meaning of the word, is a person who, without having any intention to purchase, is employed by the seller at an auction to raise the price by fictitious bids, thereby increasing competition among the bidders while he himself is secured from risk by secret understanding with the seller that he shall not be bound by his bids.

The CJS citation, *supra*, adds that "by-bidder" has been defined in practically the same terms, and

The Courts will refuse to give relief to any party to a fake sale made on a sham bid . . .

*Sarkco, Inc., v. Edwards Plan Service*, 252 Ark. 1082 (at 1086), 482 S.W.2d 623 (at 625), quoted the case of *Compagionette v. McArmick*, 91 Ark. 69, 120 S.W. 400, as follows:

In this State, it is the well settled doctrine that: "every contract made for or about any matter or thing which is prohibited and made unlawful by statutes is a void contract."

See, also, *Eager v. Jonesboro, Lake City and Eastern Express Co.*, 103 Ark. 288 (1912) (at 298), 147 S.W. 60 (at 64); *Eager, Woods v. Armstrong*, 54 Ala. 150, 25 Am.Rep. 671; *Wood v. Stewart*, 81 Ark. 41, 98 S.W. 711; and *Cobb v. Scoggin*, 85 Ark. 106, 107 S.W. 188.

Although there is no specific statute in Arkansas which forbids such a practice, Arkansas Uniform Commercial Code, at *Ark. Stat.Ann.* § 85–2–328(4) (Add.1961), appears to articulate the policy with respect to by-bidding. It states, in pertinent part:

If the auctioneer knowingly receives a bid on the seller's behalf or the seller makes or procures such a bid, and notice has not been given that liberty for such bidding is reserved, the buyer may at his option avoid the sale or take the goods at the price of the last good faith bid prior to the completion of the sale.

Accordingly, the Court finds the alleged agreement to be an illegal contract as a matter of public policy and plaintiff is not entitled to any recovery. The complaint is dismissed with prejudice.