Leonard D. SHEPPARD *v.* STATE of Arkansas

CR 73-93                                          498 S.W. 2d 668

Opinion delivered September 10, 1973

Harold L. Hall and Garner L. Taylor Jr., for appellant.

Jim Guy Tucker, Atty. Gen., by: Philip M. Wilson, Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant was convicted of possession of stolen property, and, as an habitual criminal, was sentenced to 21 years in the penitentiary. No appeal was taken, but appellant filed his original petition for postconviction relief on the sole ground that he was denied effective assistance of counsel at his trial. The primary bases upon which he argues that he was entitled to relief upon his original and amended petitions were that he was ill-prepared for trial because his attorneys misled him into believing that if the prosecuting witness expressed a desire to drop the prosecution, there would be no trial, and that his attorneys failed to call alibi witnesses of whom he had informed them. This is the latest in an epidemic of cases in which a convicted felon has sought a retrospective evaluation of the effectiveness of his trial counsel, based largely upon disappointing trial results. We find no more merit in this petition than we have in most such post-imprisonment longings for a judicial test of the competence of counsel from the perspective of hindsight, because of speculation that some course of action different from that taken during the trial might have produced a result more favorable to the petitioner.

ocus

In denying appellant's petition, the trial judge made specific findings that trial counsel did not tell appellant that if the prosecuting witness would sign a letter recommending dismissal of the charges there would be no trial and that, on every point, appellant was adequately represented by counsel. We find ample evidentiary support for these findings by the trial judge who was the same judge who presided over appellant's trial. We accord more than usual weight to such findings under the circumstances prevailing here. *Leasure v. State,* 254 Ark. 961, 497 S.W. 2d 1.

The appropriate test in such cases, regardless of whether counsel is retained or appointed, has been stated by us in previous cases. In short, the question is whether the petitioner has shown by a preponderance of the evidence that acts or omissions (or both) of his attorney result in making the proceedings a farce and a mockery of justice, shocking the conscience of the court, or that petitioner's representation by counsel was so patently lacking in competence or adequacy that it becomes the duty of the court to be aware of and correct it. See e.g., *Leasure v. State,* supra; *Davis v. State,* 253 Ark. 484, 486 S.W. 2d 904; *Franklin and Reid v. State,* 251 Ark. 223, 471 S.W. 2d 760. See also, *Easley v. State,* 255 Ark. 25, 498 S.W. 2d 664, decided today.

Both of appellant's attorneys were called as witnesses by petitioner. One of them, Omar Greene, stated categorically he did not tell appellant that there would be no trial if the prosecuting witness did not wish to prosecute, and that the defendant did not request that the case be appealed.[1] The other attorney, Alan Nussbaum, could not recall having advised appellant that the trial court would dismiss the charge if the prosecuting witness signed a letter stating he did not wish to prosecute appellant. Neither could he recall appellant having given the names of alibi witnesses. This attorney also told of extreme difficulty encountered by both attorneys in getting in touch with appellant during the period of approximately two months intervening between their retention[2] and

[1]According to the trial judge, appellant was advised of his right to appeal at the time of sentencing.

[2]There is a conflict in the testimony as to whether the attorneys for appellant were appointed or retained, but we deem that question immaterial in this case.

his trial. This attorney said he came to the conclusion that appellant was guilty of the charge on the basis of the facts related by appellant himself and obtained an offer from the prosecuting attorney to recommend a five-year sentence and to drop another charge pending against appellant upon appellant's entry of a plea of guilty. He added that appellant refused to so plead in spite of advice that, upon conviction after trial, he could receive a minimum sentence of 21 years, because of his previous record.

Appellant contradicted the testimony of these attorneys in regard to representations made by them to him, the giving of names of prospective witnesses and his expression of a desire to take an appeal. He also produced a witness, George Lee Champ, also a convicted felon, who stated he told one of the attorneys he knew where appellant was on the day of the crime and outlined facts that would have tended to establish an alibi. Melissa Hawkins, a friend and next door neighbor of appellant, testified to facts which tended to show that appellant was, indeed, in the company of Champ on the day in question. While her identity was known to one or the other or both of appellant's attorneys, there is no proof that either was informed of her potential testimony. The attorney to whom Champ claimed to have told his story recalled talking to Champ but denied that either Champ or Sheppard ever intimated to him that Champ knew anything about the case or appellant's whereabouts on the day the offense was said to have been committed. This attorney also stated he was familiar with Champ's record and felt certain that Champ would have been discredited in the eyes of any jury. The lawyer also said he only knew of Melissa Hawkins as a person to contact in trying to reach Sheppard, but denied that he knew she was a possible witness. This witness stated he told appellant he could not prosecute an appeal in appellant's behalf, and wanted nothing further to do with the case, advising Sheppard at the same time that he should write to the judge and ask for the appointment of an attorney. This witness explained counsel's failure to call one Isom Burnett Kelley (subpoenaed by the state) as a witness because he was familiar with Kelley's statement to the police incriminating appellant, and knew that, if Kelley testified otherwise, he would be impeached by the statement.

It should be noted that L. B. Robinson, the prosecuting witness, not only signed a statement declining to prosecute Sheppard and requesting dismissal of the charges, but one of the attorneys stated that Robinson testified to the same effect at the trial. No witnesses were called at the trial on behalf of appellant, who testified that he was not deprived of his right to testify, but that he did not take the witness stand because his attorneys advised him not to do so because of his criminal record (three prior convictions).

The trial court was justified in resolving conflicts in the testimony against appellant because of his greater interest in the matter and his previous convictions, if for no other reason. It is possible that both appellant and his attorneys were overconfident about the effect of the assistance of the prosecuting witness. The most that could possibly be said, however, when the evidence is viewed in the light most favorable to the state, as it must be, is that, in retrospect, counsel may have been guilty of errors, omissions, mistakes, improvident strategy or poor tactics, which is insufficient basis for postconviction relief. *Leasure* v. *State,* supra. We cannot say that any acts or omissions of appellant's attorney reduced the trial to such a farce or mockery of justice or that his representation was so patently lacking in competency or adequacy that it was the duty of either the trial court or this court to be aware of it or take corrective action. Most of the matters complained of by appellant relate to trial tactics and strategy involving the exercise of the trial attorneys' discretion and competence and upon which competent counsel might honestly disagree, especially from the excellent vision of hindsight. These matters cannot afford the basis for a finding of incompetence or ineffective assistance of counsel. *Leasure* v. *State,* supra; *Credit* v. *State,* 247 Ark. 424, 445 S.W. 2d 718.

We deem appellant's assertion that he was denied the right of appeal through nonfeasance of his attorneys to have been abandoned, or to have been an afterthought. It was not alleged in his Rule 1 petition and has not been argued here in any way. According to the testimony of Nussbaum, he viewed an appeal as non-meritorious and felt there was no way he could properly represent appellant on an appeal. Since it appears that this attorney

advised appellant of appropriate steps to take in order to appeal the case, the right to appeal seems to have been lost by appellant's own inaction.

We find no reversible error and affirm the judgment denying postconviction relief.

BYRD, J., not participating.