Edward BUTLER *v.* STATE of Arkansas

CR 78-80                                            570 S.W. 2d 272

Opinion delivered September 18, 1978
(Division I)

244

*Malcolm Smith,* for appellant.

*Bill Clinton*, Atty. Gen., by: *Joseph H. Purvis*, Deputy Atty. Gen., for appellee.

FRANK HOLT, Justice. This appeal is a sequel to *Butler* v. *State*, 261 Ark. 369, 549 S.W. 2d 65 (1977). There we affirmed appellant's conviction of capital felony murder and his sentence to life imprisonment without parole. However, since appellant was not allowed to be personally present at a post-trial proceeding to settle the record, which was necessary because the court reporter's tape recording of the trial was destroyed by fire, we held the denial of appellant's presence was a violation of a constitutional right and remanded the case to allow him to be present at another post-trial hearing to settle or reconstruct the record of the trial proceedings. In remanding we held this "situation was comparable to that in *Jackson* v. *Denno*, 378 U.S. 368 (1964)" in which the court approved a post-trial hearing to determine the issue of the voluntariness of a confession. Subsequent to our remand, a second hearing to settle the record was held at which the appellant and his attorney were present. There appellant adopted the objections and asserted omissions from the record made by his attorney at both hearings and personally noted some of his own.

Appellant argues that without a complete and accurate trial transcript he has been deprived of his right to appeal as provided in Ark. Stat. Ann. § 43-2701 (Repl. 1977), denied due process and equal protection of the law, and this court is unable to review all errors contained in the record prejudicial to the appellant as provided in § 43-2725 and recognized in Supreme Court Rule 11(f). As we said on the first appeal, "admittedly there were omissions" in the transcript from the reporter's shorthand notes. A leading case, where the accuracy of a transcript is questconed, is *People* v. *Chessman*, 218 P. 2d 769 (Cal. 1950). There the court said:

> The Rules on Appeal are intended to simplify and facilitate appellate procedure, not to provide for new trials on grounds which did not theretofore exist and which are not necessary to the fair administration of justice. On this appeal, as in every appeal, it is to be presumed that defendant had been accorded a fair trial and that the judgment of conviction is valid. We perceive

no legal impropriety and no unfairness in placing on an appellant in the situation of Chessman the burden of showing either prejudicial error in the record or that the record is so inadequate that he is unable to show such error. Inconsequential inaccuracies or omissions in a record cannot prejudice a party; if in truth there does exist some consequential inaccuracy or omission, the appellant must show what it is and why it is consequential.

See also *U.S.* v. *Di Canio*, 245 F. 2d 713, cert. den. 355 U.S. 874, 2 L. Ed. 2d 79, 78 S. Ct. 126; *Herring* v. *Kennedy-Herring Hardware Co.*, 261 F. 2d 202 (6th Cir. 1968); *Turman* v. *Pruitt*, 397 P. 2d 652 (Okla. 1964); *Burton* v. *State*, 128 So. 2d 765 (Fla. App. 1961); *Fitzgerald* v. *Sargent*, 371 A. 2d 456 (N.H 1977); and 19-24 ALR 2d LCS 1098.

Appellant here notes that there is no mention in the record of his motion to exclude three prospective jurors for cause because they were seen talking to the victim's father before trial. However, none of these served as jurors. Any prejudice arising from the victim's father mingling with these three prospective jurors would be mere speculation. The burden is on appellant to show error and this burden is not met by showing a possibility of error. *Williams* v. *State*, 258 Ark. 207, 523 S.W. 2d 377 (1975). No prejudice is demonstrated here. Furthermore, appellant did not exhaust his preemptory challenges. One cannot complain of the composition of the jury if he did not exhaust his preemptory challenges. *Wells* v. *State*, 247 Ark. 386, 446 S.W. 2d 217 (1969).

Appellant asserts that the failure to include the prosecutor's closing argument in the record was prejudicial because his argument was improper in that it was not based upon the evidence. However, admittedly, there was no objection made to the closing argument. Objection to an alleged improper comment in a closing argument must be made at trial. Otherwise, it is not reviewable on appeal even in a capital felony case. *O'Neal* v. *State*, 253 Ark. 574, 487 S.W. 2d 618 (1972). Further, the court here, at the second post-trial hearing, ruled that the prosecution's argument was well within the scope of reasonable inferences based upon the

evidence presented at trial. The trial court is accorded wide discretion in controlling and determining the propriety of counsels' arguments and we do not reverse the exercise of that discretion in the absence of manifest gross abuse. *Perry* v. *State,* 255 Ark. 378, 500 S.W. 2d 387 (1973). Here no abuse of discretion is demonstrated.

Appellant contends his objection to the admission into evidence of a bloody garment, a shirt, worn by the victim was omitted from the record. The introduction into evidence of clothing worn by a victim at the time of an assault or homicide is within the sound discretion of the trial court where, as here, it serves as an aid to the jury. *Farrar* v. *State,* 240 Ark. 447, 400 S.W. 2d 289 (1966). Here admission by the court of this evidence was to show the entry point of the bullet and that the officer was acting in the line of duty. No abuse of discretion is shown.

Appellant asserts that *Jackson* v. *Denno,* 378 U.S. 368 (1964), is not applicable here inasmuch as that post-trial proceeding dealt with the voluntariness of a confession as opposed to the settlement of the record here. As indicated, we held in the first appeal that the two situations are "comparable." Therefore, we cannot agree with appellant's argument that the *Denno* type hearing was not sufficient "to reverse the damage caused by the trial Court's refusal to allow Appellant to be present at" the first or pre-appeal hearing. Pursuant to our directive, appellant availed himself of the opportunity to examine the court reporter's transcript of the trial proceedings and the first post-trial hearing and to personally voice to the court any objections he had in addition to those of his attorney. Appellant has not demonstrated error.

Neither has appellant demonstrated prejudice by the fact that the court reporter no longer has her shorthand notes from which the trial proceedings were transcribed. The reporter, after transcribing the record of the trial proceedings from her shorthand notes, certified that it was a full and correct transcript of all the evidence and proceedings introduced and had at the trial. At the second hearing, she testified that the transcript was a true and correct copy of the proceedings taken from her shorthand notes to the best of her ability.

The court, after this evidentiary hearing, found no "material error" with respect to any inaccuracy or omission in the transcript that might affect its "veracity" and denied appellant's motion for a new trial.

After considering the deficiencies in the transcript argued by appellant together with those not argued on appeal, we are of the view that he has not demonstrated that the transcript was inadequately fair and accurate to afford this court a sufficient appellate review of the trial proceedings. Therefore, the court did not abuse its discretion in refusing to grant appellant a new trial.

Affirmed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and HOWARD, JJ.