Carl Albert COLLINS *v.* STATE of Arkansas

CR 75-110                                           611 S.W. 2d 182
Supreme Court of Arkansas
February 2, 1981

*Thomas M. Carpenter*, for petitioner.

*Steve Clark*, Atty. Gen., by: *Victra L. Ferrell*, Asst. Atty. Gen., for respondent.

PER CURIAM. Petitioner Carl Albert Collins was convicted by a jury in 1974 of capital felony murder and sentenced to death by electrocution. The primary issue on appeal was the constitutionality of Act 438 of 1973, Ark. Stat. Ann. § 41-4701 et seq (Supp. 1973), which reinstated the death penalty. This Court found the statute constitutional and affirmed the conviction on December 22, 1975. *Collins* v. *State*, 259 Ark. 8, 531 S.W. 2d 17 (1975). Motion to stay mandate pending appeal to the United States Supreme Court was granted February 2, 1976. Petition for certiorari for review of this Court's judgment affirming the judgment of the circuit court was filed in the United States Supreme Court and that Court vacated this Court's judgment insofar as it left the death penalty imposed and ordered the cause remanded for consideration in light of *Gregg* v. *Georgia*, 428 U.S. 153 (1976); *Proffitt* v. *Florida*, 428 U.S. 242 (1976); *Jurek* v. *Texas*, 428 U.S. 262 (1976); *Woodson* v. *North Carolina*, 428 U.S. 280 (1976); and *Roberts* v. *Louisiana*, 428 U.S. 325 (1976). Mandate vacating judgment was filed in this Court November 18, 1976. Upon reconsideration, the Arkansas Supreme Court again concluded that the death penalty under Arkansas statutes was constitutional and affirmed the judgment on March 7, 1977. *Collins* v. *State*, 261 Ark. 195, 548 S.W. 2d 106 (1977). Certiorari was denied and the mandate was forwarded to the governor of this state October 25, 1977. The United States

Supreme Court denied rehearing on November 28, 1977, at 434 U.S. 977 (1977).

Collins filed his petition for permission to proceed under Rule 37 on December 19, 1980, more than three years after the United States Supreme Court denied rehearing. Rule 37.2(c), Arkansas Rules of Criminal Procedure, Ark. Stat. Ann. V. 4A (Supp. 1974) provides that such a petition must be filed within three years of the date of commitment. The petition is clearly untimely and will be denied unless the grounds asserted are such as to render the judgment against Collins void. Since we find no grounds contained in Collins' petition which will render the judgment void, the petition is denied.

Rule 37 was not intended to provide a method for the review of mere error in the conduct of the trial or to serve as a substitute for appeal. *Clark* v. *State*, 255 Ark. 13, 498 S.W. 2d 657 (1973). As the Rule states, it affords a remedy when the sentence was imposed in violation of the constitution of the United States or of this State or "is otherwise subject to collateral attack." Rule 37.1; *Swisher* v. *State*, 257 Ark. 24, 514 S.W. 2d 218 (1974); *Thacker* v. *Urban*, 246 Ark. 956, 440 S.W. 2d 553 (1969); *Clark* v. *State*, 242 Ark. 584, 414 S.W. 2d 601 (1967). The present petition presents a number of issues all of which are alleged to raise issues so fundamental as to render the sentence and judgment void and open to collateral attack. The issues, however, could, and should, have been raised at trial or on direct appeal. It is well settled that constitutional questions are waived if not raised in accordance with controlling rules of procedure. *Moore* v. *Illinois*, 408 U.S. 786 (1972); *Stembridge* v. *Georgia*, 343 U.S. 541 (1952); *Hulsey* v. *State*, 268 Ark. 312, 595 S.W. 2d 934, *reh. denied*, 268 Ark. 315, 599 S.W. 2d 729 (1980); *Williams* v. *Edmondson*, 257 Ark. 837, 250 S.W. 2d 260 (1975); *Orman* v. *Bishop*, 245 Ark. 887, 435 S.W. 2d 440 (1968). As stated in *Hulsey*, supra, in this Court, contentions not argued by the appellant on first appeal are waived. *Sarkco* v. *Edwards*, 252 Ark. 1082, 482 S.W. 2d 623 (1972). It is imperative that judgments in criminal cases have stability and finality. *Hulsey*, supra.

Petitioner first alleges that the judgment is void pursuant

to *Turner* v. *Louisiana*, 379 U.S. 466 (1965) because a material witness at the trial, Sgt. Quimby Johnson, also worked as a "security person and perhaps a bailiff for the jury." In *Turner* two deputy sheriffs who were the principal prosecution witnesses were in continuous association with the jurors, eating dinner with them, running errands for them and driving them to and from the lodgings. The Court found that the two had been the "official guardians" of the jury and that the jury was likely to find their testimony more credible by virtue of that relationship. Here, the petitioner has offered nothing to show that such a relationship existed; however, the record does indicate that Sgt. Johnson served in some capacity as a security officer.

> *MR. GIBSON* (Prosecuting Attorney): For purpose of security in the courtroom, the State would request that the Rule be waived as to Sheriff's Deputy Snow and Sgt. Quimby Johnson,, Investigator, both of which may or may not testify. There is a possibility they will, but they are about the only good security officers we have.

> *THE COURT:* There might be some sort of feeling in the local community, so for the protection . . .

> *MR. LINEBERGER* (Defense Counsel): We have no objections. We have discussed that with the prosecutor.

> *THE COURT:* I think we should have adequate protection against any kind of emotional outburst that might arise.

> *MR. GIBSON:* Their testimony would be relatively minor.

> *THE COURT:* Then it's agreeable?

> *MR. LINEBERGER:* It's agreeable, your honor.

The allegations of the petition are apparently based on this exchange, but the petition does not offer sufficient evidence to warrant setting the conviction aside. Petitioner

also alleges, that even if this Court does not find merit to the allegation that Sgt. Johnson's presence in the courtroom renders the judgment void, there remains a question of whether counsel was ineffective in failing to object to his presence. This allegation shall be addressed later.

Petitioner next alleges that the judgment is void because the trial court excused several members of the jury venire without affording counsel the opportunity to *voir dire* them on their reasons for not wishing to serve. No objection was made by the trial counsel to the potential jurors' being excused by the Court and the matter could not therefore be properly raised on appeal. *Clark* v. *State*, 264 Ark. 630, 573 S.W. 2d 622 (1978). Petitioner asserts that the exclusion of these jurors for cause violated this Court's ruling in *Hall* v. *State*, 259 Ark. 815, 537 S.W. 2d 155 (1976). This argument is without merit. In *Hall*, the trial court excused all farmers (some 25-30 persons) without requiring any of them to appear and ask to be excused, and this Court found such a practice to be deliberate and systematic exclusion of a large class of eligible jurors, *Hall*, at 818-819.

In the instant case, the trial court heard the reasons given by the four potential jurors for not wishing to serve and properly exercised its discretion in excusing them. Furthermore, even though students are not listed in Ark. Stat. Ann. § 39-108 (Supp. 1979) as persons exempt from service, the trial court has the discretion to excuse any juror "when, for any reason, his own interests or those of the public will, in the opinion of the Court be materially injured by his attendance." Ark. Stat. Ann. § 39-107 (Supp. 1979).

Petitioner also challenges the judgment on the grounds that the lack of individual, sequestered *voir dire* made the jury selection process unreliable. In support of his allegation, petitioner cites only one case, the 1980 California Supreme Court opinion in *Hovey* v. *Superior Court of Alameda County*, 28 Cal. 1, 616 P. 2d 1301, 168 Cal. Reptr. 128, 181 (August 28, 1980), which we do not consider controlling. Petitioner has presented nothing to show that petitioner was entitled to an individual, sequestered *voir dire*.

Petitioner argues that the judgment is void because the Court had a duty to instruct the jury on all possible lesser included offenses, including murder in the first degree. Petitioner alleges that *Westbrook v. State*, 265 Ark. 736, 580 S.W. 2d 702 (1979) imposes a duty upon the trial court to give instructions on all applicable lesser included offenses even though defense counsel has not requested such instructions. There is no such duty imposed on the trial court by *Westbrook*. *Westbrook* presented a situation quite different from this case. There the case went to the jury with only one possible conviction — capital murder. In petitioner's case the jury was instructed as to second degree murder and clearly had a choice as to whether either charge was supported by the evidence. This Court has recently reiterated that it is reversible error to refuse to give a requested instruction where there is the slightest evidence to warrant such an instruction, *Brewer v. State*, 271 Ark. 254, 608 S.W. 2d 363 (1980); *Robinson v. State*, 269 Ark. 90, 598 S.W. 2d 241 (1980), but no duty was placed on the trial court to give an instruction not requested by counsel. If counsel concludes that a particular instruction is warranted, it is incumbent upon counsel to request that instruction.

Petitioner next contends that the judgment is void because Act 438 of 1973 unconstitutionally placed a burden on petitioner to prove mitigating circumstances and unconstitutionally limited the factors that could be considered in mitigation, a violation of the "premise" in *Lockett v. Ohio*, 438 U.S. 568 (1978). In *Lockett*, a four-judge plurality held that the "Eighth and Fourteenth Amendments require that the sentencer, in all but the rarest kind of capital case, not be precluded from considering as a mitigating factor, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death." *Lockett*, at 605. This Court has considered the effect of *Lockett*, in *Neal v. State*, 270 Ark. 442, 605 S.W. 2d 421 (1980). In *Neal*, as in this case, where the appellant argued that Ark. Stat. Ann. § 41-4701 et seq. (Supp. 1973), repealed by Act 280 of 1975 (Crim. Supp. 1975), unconstitutionally limited the mitigating circumstances the jury could consider, this Court found:

The Ohio statute considered in *Lockett* was quite

unlike the Arkansas statute applied in Neal's trial. That Ohio law *required* a trial judge to impose the death penalty unless he found by a preponderance of the evidence that (1) the victim had induced or facilitated the offense, (2) it was unlikely that Lockett would have committed the offense but for the fact that she was under duress, coercion or strong provocation, or (3) the offense was primarily the product of the accused's psychosis or mental deficiency. The statute under which appellant was tried was materially different. It permitted evidence in the sentencing stage as to any matters relevant to sentencing. Ark. Stat. Ann. § 41-4710 (c) (Supp. 1973). Under that Act (Ark. Stat. Ann. § 41-4701 et seq. [Supp. 1973]), the jury was not compelled to impose the death sentence whenever it found aggravating circumstances but no mitigating circumstance, unless it also found, that sufficient aggravating circumstances existed beyond a reasonable doubt to justify a sentence of death. *Neal*, 270 Ark. at 449-450.

As in *Neal*, this Court finds that the statute does not unconstitutionally limit the factors that can be considered in mitigation. Further, this argument was addressed by the Court on first appeal and this Court found that Act 438 of 1973 was valid.

With regard to petitioner's allegations that Act 438 of 1973 unconstitutionally placed a burden on petitioner to prove mitigating circumstances, this Court held on first appeal that the state had the burden of proof in the issue of punishment. *Collins*, 259 Ark. at 15.

Finally, petitioner alleges ineffective assistance of counsel. Inadequate representation by counsel is a ground for postconviction relief where there has not been an adequate opportunity to raise the question prior to direct appeal. *Hilliard* v. *State*, 259 Ark. 81, 531 S.W. 2d 463 (1976). Errors, omissions, improvident strategy or bad tactics on the part of counsel do not require an evidentiary hearing on an allegation of ineffective assistance of counsel or justify postconviction relief from a sentence. *Clark* v. *State*, 255 Ark. 13, 498 S.W. 2d 657 (1973). The petitioner must first show prejudice by the alleged incompetence of counsel. *Leasure* v. *State*, 254

Ark. 961, 497 S.W. 2d 1 (1973). An evidentiary hearing is not required when the allegations of ineffectiveness relate only to matters ordinarily within the realm of counsel's judgment. *Leasure*, supra. The question presented in an evidentiary hearing is whether the petitioner has shown by a preponderance of the evidence that the acts or omissions of the attorney resulted in making the proceedings a farce and mockery of justice shocking to the conscience of the court. *Sheppard* v. *State*, 255 Ark. 40, 498 S.W. 2d 668 (1973). This Court has said that "the mockery of justice" standard for the determination of ineffectiveness of counsel is not to be taken literally. It does, however, place a substantial burden on the petitioner in proving that counsel was inadequate. *McDonald* v. *State*, 257 Ark. 879, 520 S.W. 2d 292 (1975). Petitioner in this case had the burden of showing clearly and convincingly that his attorney was so patently lacking in competence that it became the duty of the trial court to be aware of it and to correct it. Petitioner has not met that burden.

In considering petitioner's entitlement to a postconviction hearing on the ground of ineffectiveness of counsel, we are limited to the allegations of the petition. Petitioner alleges that his counsel did not:

1. Object to the exclusion of the four jurors discussed earlier;
2. Object to Sgt. Johnson's serving as a security officer at the trial;
3. Request an individual, sequestered *voir dire* of the jury;
4. Attempt to rehabilitate juror Benton Wray;
5. Request an instruction on the lesser included offense of murder in the first degree;
6. Put on any evidence during the penalty phase of the trial and did not request that the "instructions on mitigation be modified to conform with the law;"
7. Object to the introduction into evidence of a prior conviction under a "First Offenders Act;" and
8. Object to instructions on mitigation.

With regard to the first allegation, we have stated that it was within the discretion of the trial court to excuse the jurors

in question. Further, petitioner has not shown that he was prejudiced by the court's action or that counsel's failure to object was not a legitimate trial tactic.

The matter of counsel's failure to object to Sgt. Johnson's presence in the courtroom for security purposes would present a more pressing question if the petitioner had offered any substantiation for the allegation that petitioner was prejudiced by Sgt. Johnson's presence. As petitioner correctly contends, a witness should not be allowed to interact with the jury to the extent that his credibility is enhanced in the eyes of the jurors, but petitioner has failed to show that Sgt. Johnson had any direct contact with the jury during the trial. The mere allegation, without support, that Johnson was "perhaps" a bailiff for the jury does not establish in itself that petitioner suffered any prejudice by counsel's agreeing that Johnson should remain in the courtroom.

Counsel's failure to request an individual sequestered *voir dire* was not an error on counsel's part. Petitioner was able to cite only one jurisdiction in this county which requires such *voir dire*. It is obvious that counsel should not be expected to request what amounts to an extraordinary practice.

Petitioner alleges that counsel should have attempted to rehabilitate Benton Wray, a juror who stated in *voir dire* that he would not consider capital punishment "under any circumstances." Petitioner contends that *Witherspoon* v. *Illinois*, 391 U.S. 510 (1968) and *Davis* v. *Georgia*, 429 U.S. 122 (1976) somehow place a duty on counsel to examine at length a witness who states opposition to the death penalty in hopes of getting him to equivocate. This argument is without merit. Counsel's decision not to question a particular juror is within the realm of trial strategy.

Petitioner next argues that counsel was obligated to request an instruction on the lesser included offense of murder in the first degree, or at least, that counsel was obligated to record the reasons for not requesting such an instruction. Petitioner presents no support for this argument, and we find no duty to request an instruction on the lesser included

offense of murder in the first degree in capital cases. It is reasonable to assume that counsel chose not to request the instruction on murder in the first degree as a matter of trial tactics and strategy. This Court found on appeal that there was sufficient evidence to sustain a conviction of capital felony murder. *Collins*, 261 Ark. at 223, and petitioner has not shown that he was prejudiced by counsel's not requesting an instruction on murder in the first degree.

Counsel did not put on any evidence during the penalty phase of the trial and petitioner alleges that this can only be deemed ineffective assistance of counsel. Petitioner fails, however, to cite any evidence that was available. Clearly, counsel is not obligated to manufacture evidence if none exists. Since petitioner presented no specific evidence that could have been presented in mitigation, we cannot say that counsel was remiss in not presenting testimony during the penalty phase. Petitioner further alleges that counsel should have objected to the introduction into evidence of a prior conviction under "a First Offenders Act." The record indicates petitioner was sentenced in 1973 to seven years in the Arkansas Department of Correction with four years suspended for armed robbery. The commitment order recommends that petitioner be incarcerated "at Tucker Prison with first offenders. ..." The record does not support petitioner's allegations that he was sentenced as part of a first offenders program and counsel therefore cannot be held accountable for failure to object to introduction of the conviction on that ground.

Petitioner also stated that counsel should have objected to "explanations" concerning the prior offense given by the trial court. He does not enlarge on this and this Court cannot search the record seeking to determine what is behind petitioner's conclusory allegation.

Finally, petitioner argues that counsel should have objected to the instruction on mitigation that allegedly placed a burden on petitioner to prove mitigating circumstances beyond a reasonable doubt. The record shows that counsel for petitioner did object to the trial court's instruction on

836

mitigating circumstances (T. 277) and the trial court responded by clarifying its remarks:

> The matter of mitigating circumstances is an opportunity the defendant has. There is no burden on him at all. The burden is on the state in the whole case . . . (T. 278).

Petition denied.