Jerry Hardy McCROSKEY *v.* STATE of Arkansas

CR 80-151                                    644 S.W.2d 271

Supreme Court of Arkansas
Opinion delivered January 10, 1983

Appellant, *pro se.*

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

PER CURIAM. Petitioner Jerry Hardy McCroskey was convicted of aggravated robbery and sentenced as an habitual offender to a term of 20 years imprisonment in the Arkansas Department of Correction. The Court of Appeals reversed the conviction. *McCroskey* v. *State,* 266 Ark. 806, 586 S.W.2d 1 (Ark. App. 1979). He was retried, convicted and sentenced as an habitual offender to a 30 year term. We affirmed. *McCroskey* v. *State,* 271 Ark. 207, 608 S.W.2d 7 (1980). Petitioner now seeks permission to proceed in the circuit court pursuant to A.R.Cr.P. Rule 37.

Petitioner challenges the sufficiency of the evidence on which he was convicted, but insufficiency of the evidence is not a proper ground for postconviction relief. Rule 37 affords a remedy when the sentence in a case was imposed in violation of the Constitution of the United States or of this State or is "otherwise subject to collateral attack." Rule 37.1. Challenges to the sufficiency of the evidence are a direct attack on the conviction which must be made on direct appeal. As such, the issue is not cognizable under Rule 37. *Swisher* v. *State,* 257 Ark. 24, 514 S.W.2d 218 (1974).

The only other allegation raised by petitioner is that the trial court "committed constitutional error" in accepting a stipulation in the second stage of his two-step trial to the effect that he had been convicted of three prior felony offenses. He states that he was not asked if he agreed with the stipulation or whether he was represented by counsel in the prior proceedings. No other evidence of the convictions was entered in the record.

On direct appeal from another subsequent conviction, in which petitioner's prior convictions were also established by stipulation, petitioner successfully raised this same argument. In that case, we reversed the judgment and remanded the cause for a new trial unless the prosecutor elected to assume the burden of proving at a hearing that petitioner voluntarily and intelligently agreed to the stipulation and that he was in fact represented by counsel in the earlier cases. *McCroskey* v. *State,* 272 Ark. 356, 614 S.W.2d 660 (1981). Petitioner apparently expects similar relief even though he now raises the issue in a petition for

postconviction relief rather than on direct appeal. Rule 37, however, was not intended to substitute for appeal. Rule 37 does not permit a petitioner to raise questions which might have been raised at trial or on the record on direct appeal, unless the questions are so fundamental as to render the judgment void and open to collateral attack. *Neal* v. *State,* 270 Ark. 442, 605 S.W.2d 421 (1980). Even questions of constitutional dimension are waived if not raised in accordance with the controlling rules of procedure. *Collins* v. *State,* 271 Ark. 825, 611 S.W.2d 182 (1981); *Hulsey* v. *State,* 268 Ark. 312, 595 S.W.2d 934, *reh. denied,* 268 Ark. 315, 599 S.W.2d 729 (1980). See also *Moore* v. *Illinois,* 408 U.S. 786 (1972). In this Court, contentions not argued by the appellant on first appeal are waived. *Collins, supra,* citing *Sarkco* v. *Edwards,* 252 Ark. 1082, 482 S.W.2d 623 (1972). Even though petitioner asserts that his sentence and judgment are void because of the stipulation, he does not contend that he was not convicted of the prior felonies or that he was not represented by counsel in the earlier proceedings. He does not in fact allege that any undue prejudice arose out of the proceedings. He clearly does not demonstrate that his sentence and judgment are void. Accordingly, he is not entitled to postconviction relief.

Petition denied.