William E. PITCOCK *v.* STATE of Arkansas

CR 83-48                                    649 S.W.2d 393

Supreme Court of Arkansas
Opinion delivered May 2, 1983

Petitioner, *pro se.*

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for respondent.

PER CURIAM. Petitioner William E. Pitcock was convicted by a jury of burglary, theft of property and robbery and sentenced to a total term of 20 years imprisonment in the Arkansas Department of Correction and fined $300.00. The Court of Appeals affirmed. *Pitcock* v. *State,* not designated for publication (August 26, 1981). Petitioner now seeks permission to proceed in circuit court for postconviction relief pursuant to A.R.Cr.P. Rule 37.

I.

Petitioner raises a number of issues in his lengthy petition. He contends that each one establishes that his sentence was imposed in violation of the laws and constitution of this State and the United States. The allegations of constitutional violations are:

A.

Petitioner was denied a speedy trial and denied due process because he was held in jail without counsel from the date of his arrest on December 26, 1979, until May 1, 1980.

We find no merit to either argument. The trial in this case was held in November, 1980, more than six months after counsel was appointed. Petitioner does not say that he was denied a fair trial or that he was prejudiced by the delay in appointing counsel. Relief cannot be granted on an unsupported allegation. *Bosnick* v. *State,* 275 Ark. 52, 627 S.W.2d 23 (1982). There is also no merit to the claim that he was denied a speedy trial. Petitioner's trial was held within the second full term of court following his arrest, which was within the time period for a speedy trial; in fact, since his parole was revoked and he was incarcerated for another crime pending trial on the instant charges, he could have been tried even later. Furthermore, the speedy trial issue was raised at trial and could have been raised on appeal. The question of the proper time for appointment of counsel

could also have been raised at trial. Rule 37 was not designed to take the place of raising issues in accordance with procedure. *Collins* v. *State,* 271 Ark. 825, 611 S.W.2d 182 (1981).

## B.

Petitioner was prejudiced by the prosecutor's commenting in closing argument that he was brought from prison for trial and by the failure of the court reporter to transcribe the entire opening statements and closing arguments.

The court reporter transcribed only the objections made during the opening statements and closing arguments. This in itself is not a denial of due process of law as petitioner suggests. The State is required to afford appellant a record of sufficient completeness so that proper consideration can be given to the errors argued on appeal. *Mayer* v. *City of Chicago,* 404 U.S. 189 (1971); *Butler* v. *State,* 264 Ark. 243, 570 S.W.2d 272 (1978). There is no absolute right to a verbatim transcript of the opening and closing remarks.

If the prosecutor did mention petitioner's being in prison on other charges, it may have been error; but since the issue could have been raised at trial relief can be granted under Rule 37 only if the error was a fundamental one because petitioner is alleging a constitutional violation, not ineffective assistance of counsel. An evidentiary hearing is warranted when an allegation of ineffective assistance of counsel indicates that counsel's representation prejudiced the petitioner, and that the prejudice was such that he may have been denied a fair trial. *Blackmon* v. *State,* 274 Ark. 202, 623 S.W.2d 184 (1981). To prevail on an allegation of a constitutional violation, however, the constitutional question presented must be of such fundamental nature that the judgment is rendered void. *Swindler* v. *State,* 272 Ark. 340, 617 S.W.2d 1 (1981); *Hulsey* v. *State,* 268 Ark. 312, 595 S.W.2d 934, reh. denied. 268 Ark. 315, 599 S.W.2d 729 (1980). See also *Collins, supra;* and *Rogers* v. *State,* 265 Ark. 945, 582 S.W.2d 7 (1979). Rule 37 does not provide a method for the review of mere error in the conduct of the trial or to serve as a

substitute for raising issues at trial or on appeal. *Swindler, supra; Clark* v. *State,* 255 Ark. 13, 498 S.W.2d 657 (1973). Even if we accepted petitioner's statement of the prosecutor's remarks, we do not find that the error was of such fundamental nature that the judgment in his case was rendered void. (Petitioner did not take the stand, therefore the question of his prior crimes did not arise in testimony. The State withdrew the habitual offender allegation on its own motion and the record contains no reference in the presence of the jury to petitioner's prior convictions or to his incarceration in prison. Defense counsel made a point of asking the court to excise one word from a pre-trial statement given by petitioner which suggested that he was out on bond when the crime was committed. The emphasis placed on assuring that no reference would be made to petitioner's prior offenses casts doubt on petitioner's claim that the prosecutor made the prejudicial statement as alleged.)

## C.

The pretrial identification procedures were unconstitutional and the jury should have been instructed on identification testimony.

Petitioner says that a photograph was taken of him at the county jail and shown to witnesses so that they could identify him at trial. The record indicates that the witnesses who identified petitioner at trial were eyewitnesses to the crime. They testified that they recalled him from the crime scene. No mention is made of a photograph, and petitioner has not demonstrated any undue prejudice to him resulting from the identification process.

Petitioner's allegation that the court refused to instruct the jury on identification testimony is unclear. It does not appear from the record that any such instruction was requested. Petitioner seems to say that he was entitled to an instruction of some sort on identification testimony and that the trial court should have supplied it of its own volition. If this is his meaning, he is not correct. See *Conley* v. *State,* 270 Ark. 886, 607 S.W.2d 328 (1980).

## D.

His conviction was based on evidence that was circumstantial, insufficient and inadmissible hearsay.

Attacks on the nature and sufficiency of the evidence and the credibility of witnesses are direct challenges to the judgment; and, as such, they are not proper challenges under Rule 37. *McCroskey* v. *State*, 278 Ark. 156, 644 S.W.2d 271 (1983). Rule 37 affords a remedy when the sentence in a case was imposed in violation of the constitution of the United States or of this State or "is otherwise subject to collateral attack." Rule 37.1; *Swisher* v. *State*, 257 Ark. 24, 514 S.W.2d 218 (1974); *Thacker* v. *Urban*, 246 Ark. 956, 440 S.W.2d 553 (1969); *Clark* v. *State*, 242 Ark. 584, 414 S.W.2d 601 (1967).

## II.

Petitioner also alleges ineffective assistance of counsel in that his attorney did not point out that people involved in the "scheme" were not charged. He does not say who the other persons were or to what scheme he is alluding. As a conclusory statement, the allegation does not merit further consideration. *Bosnick, supra; Smith* v. *State*, 264 Ark. 329, 571 S.W.2d 591 (1978).

He contends that counsel conferred with him less than one hour and was thus unprepared for trial. He gives no example of counsel's lack of preparation, nor does he allege that he was prejudiced by counsel's conduct. To establish ineffective assistance of counsel, a petitioner must show by clear and convincing evidence that he was prejudiced by his attorney's representation and the prejudice was such that he was denied a fair trial. *Hill* v. *State*, 278 Ark. 194, 644 S.W.2d 282 (1983). Petitioner here has not demonstrated that counsel was less than competent.

Petition denied.