George HICKEY *v.* STATE of Arkansas

CR 85-154                                    697 S.W.2d 118

Supreme Court of Arkansas
Opinion delivered October 14, 1985

Appellant, *pro se.*

No response.

PER CURIAM. Petitioner George Hickey was found guilty by a jury of kidnapping, rape and robbery. He was sentenced to concurrent terms of ten and twenty years for kidnapping and rape and an additional term of ten years for robbery to be served consecutively to those terms. He appealed the kidnapping conviction only, and the Court of Appeals affirmed. *Hickey* v. *State*, 14 Ark. App. 50, 684 S.W.2d 830 (1985). Petitioner now seeks permission to proceed in circuit court for postconviction relief pursuant to A.R.Cr.P. Rule 37 on the sole ground that he was denied effective assistance of counsel on appeal. He bases the allegation on the decision of his appellate counsel to challenge

only the sufficiency of the evidence to support the kidnapping conviction. Petitioner contends that there was insufficient evidence to convict him of any of the three offenses, kidnapping, rape or robbery.

Just as a petitioner may not use our postconviction rule as a means to challenge the sufficiency of the evidence on the allegation that counsel's failure to move for a directed verdict amounted to ineffective assistance of counsel, *Guy* v. *State*, 282 Ark. 424, 668 S.W.2d 952 (1984), a petitioner may not reach the sufficiency of the evidence by arguing that counsel should have raised the issue on appeal. Challenges to the weight and sufficiency of the evidence are a direct attack on the judgment which must be made in the trial court and, if warranted, on the record on appeal. *McCroskey* v. *State*, 278 Ark. 156, 644 S.W.2d 271 (1983). Postconviction relief is limited to grounds sufficient to void the judgment or open it to collateral attack. *Clines* v. *State*, 282 Ark. 541, 669 S.W.2d 883 (1984).

If we were to permit a petitioner to reopen the question of the sufficiency of the evidence under the guise of a claim of ineffective assistance of appellate counsel, Rule 37 would become an extension of the direct appeal. We have consistently held that a challenge to the sufficiency of the evidence is not cognizable under Rule 37. *Pride* v. *State*, 285 Ark. 89, 684 S.W.2d 819 (1985); *Jones* v. *State*, 283 Ark. 363, 767 S.W.2d 738 (1984); *Williams* v. *State*, 280 Ark. 543, 659 S.W.2d 948 (1983); *Pitcock* v. *State*, 279 Ark. 174, 649 S.W.2d 393 (1983); *Swisher* v. *State*, 257 Ark. 24, 514 S.W.2d 218 (1974); *Cox* v. *State*, 243 Ark. 60, 418 S.W.2d 799 (1967). We will adhere to that view of the rule even when the petitioner frames his attack on the evidence in an allegation of ineffective assistance of counsel.

Petition denied.

PURTLE, J., not participating.