Gilbert SHOCKLEY *v.* STATE of Arkansas

CR 83-149                                                   724 S.W.2d 156

Supreme Court of Arkansas
Opinion delivered February 16, 1987

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

PER CURIAM. Petitioner Gilbert Shockley was convicted in 1983 of rape, aggravated robbery, burglary and theft of property and sentenced as an habitual offender with three prior felony convictions to two terms of life imprisonment, thirty years and twenty years. The sentences were ordered served consecutively.

Petitioner argued on appeal that the State failed to meet its

burden of proving that he had been convicted of three prior felonies. He conceded that the State proved that he had been convicted of robbery in 1975 and burglary and battery in 1977, but noted that pursuant to Ark. Stat. Ann. § 41-1001(3) (Supp. 1983), a burglary and the object thereof are counted as one conviction. He contended that since the state did not prove that in his case the battery was not the object of the burglary, the State had proved only two prior felony convictions. Because the habitual offender law in effect at the time petitioner committed the crimes in 1982 provided that a defendant had to be convicted of more than two, i.e. at least three, felonies to be an habitual offender, petitioner contended that his sentence was not subject to enhancement. We erroneously said in the opinion rendered on appeal that the trial court should have instructed the jury that the burglary and battery were to be counted as one felony under Ark. Stat. Ann. § 41-1001(3), but permitted the judgment to stand since the issue had not been raised in the trial court. *Shockley* v. *State*, 282 Ark. 281, 668 S.W.2d 22 (1984). Perhaps prompted by our error on appeal, petitioner now seeks relief under Criminal Procedure Rule 37, claiming that his attorneys at trial were ineffective in failing to specifically argue in the trial court that the battery was the object of the burglary.

We find the allegation to be meritless. When the trial court instructed the jury in 1983 that petitioner had been convicted of three prior felonies, it had before it evidence of three prior felony convictions: burglary, battery and robbery. The battery was based upon the shooting of a policeman who responded to a report that the burglary was in progress. *Shockley* v. *State*, CR 78-47 (October 30, 1978). The burglary and battery convictions were entirely separate and not subject to being counted as one offense under the habitual offender statute.

Petitioner also alleges that counsel was ineffective for failing to pursue and introduce exonerating evidence. Because he does not state what exonerating evidence existed, the allegation does not state a ground for postconviction relief. *Neff* v. *State*, 287 Ark. 88, 696 S.W.2d 736 (1985).

In addition to alleging ineffective assistance of counsel, petitioner also asserts that several errors were made by the trial court. Counsel for petitioner objected to the State's exercis-

ing peremptory challenges to exclude potential black jurors. The objections were overruled and the question was not raised on appeal. Petitioner raises the point for the first time as a ground for relief, but it is well settled that allegations of mere error are not cognizable under Rule 37. *Orsini* v. *State*, 287 Ark. 456, 701 S.W.2d 114 (1985). When an issue was raised at trial but not argued as a point for reversal on appeal, it has been waived unless it presents a question so fundamental as to render the judgment of conviction absolutely void. *See Collins* v. *State*, 271 Ark. 825, 611 S.W.2d 182, *cert. denied* 452 U.S. 973 (1981). A ground sufficient to void a conviction is one so basic that the judgment is a complete nullity. *Travis* v. *State*, 286 Ark. 26, 688 S.W.2d 935 (1985). The burden is on the petitioner to demonstrate that the judgment in his case is void. Petitioner has not demonstrated that the State systematically excluded black jurors; moreover, the issue is not one sufficient to void his conviction.

Petitioner next alleges that the trial court erred by not excusing a venireman for cause because of the venireman's association with the prosecutor. The record, however, does not indicate that there was a request that the venireman be excused.

Petitioner argues that there was insufficient evidence to convict him. A challenge to the sufficiency of the evidence constitutes a direct, rather than a collateral, attack on the judgment and must be made at trial and on direct appeal. *McCroskey* v. *State*, 278 Ark. 156, 644 S.W.2d 271 (1983). Rule 37 was not designed to challenge the weight or sufficiency of evidence.

Finally, petitioner asserts that the procedures whereby the victim identified him as her assailant were unduly suggestive. The question of identification procedures is one which could have been addressed to the trial court. As an evidentiary question is not an issue sufficient to void a conviction, the admissibility of the identification evidence will not be considered under our postconviction rule. *Collins* v. *State, supra*.

Petition denied.