Bobby Ray FRETWELL *v.* STATE of Arkansas

CR 85-208                                          728 S.W.2d 180

Supreme Court of Arkansas
Opinion delivered April 27, 1987

*Richard R. Medlock*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller* and *Mary Beth Sudduth*, Asst. Att'y Gen., for appellee.

PER CURIAM. Petitioner Bobby Ray Fretwell was found guilty of capital felony murder and sentenced to death. We affirmed. *Fretwell* v. *State*, 289 Ark. 91, 708 S.W.2d 630 (1986). Petitioner now seeks an evidentiary hearing in circuit court pursuant to Criminal Procedure Rule 37 on the ground that he was not afforded effective assistance of counsel in either the guilt or penalty phases of his bifurcated trial.

Petitioner initially argues that counsel was ineffective in the sentencing phase in that he failed to object to the submission to the jury of "pecuniary gain" as an aggravating circumstance. Petitioner contends that since he was accused of aggravated robbery as the underlying felony to capital murder, the aggravating circumstance that the crime was committed for pecuniary gain duplicated an element of the offense of capital murder.

We do not find that counsel was ineffective for failing to

assert the issue. At the time petitioner was tried, the question had not been raised in this court. An attorney is not ineffective for failing to raise every novel issue which might conceivably be raised.

█ Petitioner also contends that counsel should have moved to preclude submission to the jury of the aggravating circumstance that the capital murder was committed for the purpose of avoiding or preventing an arrest or effecting an escape from custody. As the jury did not find that the aggravating circumstance existed, petitioner could have suffered no prejudice from counsel's failure to object to the submission of the aggravating circumstance.

Petitioner alleges that counsel in his opening statement irrevocably committed him to the improvident strategy of admitting to the jury that he was guilty of shooting the victim during the robbery and relying on the jury's leniency to avoid the death penalty. Petitioner asserts that the tactic went beyond the bounds of ordinary trial strategy and virtually guaranteed a death sentence.

█ While another attorney may well have taken another course, trial strategy, even if it proves unsuccessful, is a matter of professional judgment. We have consistently held that it is inappropriate to grant an evidentiary hearing on an allegation of ineffective assistance of counsel related only to matters ordinarily within the realm of counsel's judgment. *Leasure* v. *State*, 254 Ark. 961, 497 S.W.2d 1 (1973).

Douglas Stevens, a psychologist, was appointed at petitioner's request to assist in the preparation of his defense. Dr. Stevens testified at trial but was not available to testify at a pretrial hearing on the admissibility of petitioner's confession. Petitioner's attorney moved for a continuance until Stevens could appear for the hearing but the motion was denied. Petitioner contends that counsel was ineffective because he failed to prepare for the hearing and secure Dr. Stevens' presence.

The State presented evidence from the officers who took petitioner's confession and from a forensic psychologist and a psychiatrist, both of whom had examined petitioner at the Arkansas State Hospital. The officers testified that petitioner had

been advised of his constitutional rights, no promises or threats had been made to induce the confession and that petitioner stated he understood his rights. Petitioner conceded that he said he understood his right but maintained that he had not actually understood them. After hearing the testimony, the court found the confession admissible but noted that its credibility could be attacked at trial.

To prevail on an allegation of ineffective assistance of counsel, the petitioner must meet the criteria set out in *Strickland* v. *Washington*, 466 U.S. 668 (1984). In *Strickland*, the court held that the benchmark for judging any claim of ineffectiveness is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. A petitioner must not only show that counsel made an error so serious that he was not functioning as the "counsel" guaranteed by the sixth amendment, but he must also demonstrate that the error resulted in prejudice so pronounced as to have deprived the petitioner of a fair trial. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Even if counsel's conduct is shown to be professionally unreasonable, the judgment must stand, unless the petitioner demonstrates that the error had a prejudicial effect on the actual outcome of the trial. A reasonable probability that but for counsel's conduct the result of the trial would have been different is a probability sufficient to undermine confidence in the outcome. *Pruett* v. *State*, 287 Ark. 124, 697 S.W.2d 872 (1985). While petitioner alleges that Dr. Stevens' testimony was of singular importance, he does not cite any specific information that would lead to the conclusion that counsel's failure to secure Dr. Stevens' testimony at the pretrial hearing had a prejudicial effect on the proceedings sufficient to undermine confidence in the outcome of the trial. The general claim that Dr. Stevens would have told the court that petitioner was susceptible to coercion is not persuasive.

The jury was instructed at the close of the guilt phase of the bifurcated trial on both capital murder and murder in the first degree. At the request of counsel for the petitioner, the instruction on first degree murder specified that to sustain the charge the jury would have to find that the murder occurred in the course of an *aggravated* robbery or burglary. Counsel said that the word

"aggravated" should be included since the State had charged him with aggravated robbery. Petitioner argues that the insertion of the word "aggravated" rendered the instructions for capital murder and first degree murder virtually identical. He further argues that counsel was wrong to also request that the words "the State has charged the defendant with the offense of murder in the first degree" be omitted from the beginning of the instruction on first degree murder. He alleges that the omission of the words negated the instruction on first degree murder as a lesser included offense to capital murder.

We cannot conclude from the allegations that counsel was ineffective within the guidelines of *Strickland* v. *Washington.* The jury was instructed that the offense of murder in the first degree was a lesser included offense of capital murder and that the jury could find the accused guilty of either capital murder or the lesser included offense. Except for the changes suggested by counsel, the instructions conformed to the Arkansas Model Criminal Instructions. Petitioner has not shown that the instructions did not adequately inform the jury of the law and its choices under the law.

As his final allegation of ineffective assistance of counsel, petitioner notes that only he and Dr. Stevens testified for the defense in the penalty phase of the trial. He contends that his parents, aunt and grandmother were all present and could have testified to a "tumultuous family background." He also states that he was not aware that he would be called as a witness in either the guilt or penalty phases until after the trial began.

The accused is not entitled to have every possible witness testify. *See Tackett* v. *State*, 284 Ark. 211, 680 S.W.2d 696 (1984). Although petitioner states that family members were available to testify and he states that he was not aware that he would take the stand until after the trial began, he does not state what the family members' testimony would have been or how his testimony would have been different if he had known in advance that he would be called to testify. When a petitioner fails to provide a summary of the testimony which could have been given and does not explain why the testimony was important, there is no basis for a finding that counsel was ineffective.

Petitioner concludes the petition with a challenge

to the sufficiency of the evidence to support the jury's finding that there were no mitigating circumstances. The argument is not cognizable under Rule 37. An attack on the weight and sufficiency of the evidence is a direct challenge to the judgment, and, as such, is not proper under our postconviction rule. The rule affords a remedy when the sentence in the case was imposed in violation of the Constitution of the United States or this State or is otherwise subject to collateral attack. *Pitcock* v. *State*, 279 Ark. 174, 649 S.W.2d 393 (1983). A direct attack on the evidence must be made in the trial court and on the record on direct appeal. *McCroskey* v. *State*, 278 Ark. 156, 644 S.W.2d 271 (1983).

Petition denied.