Bobby Ray FRETWELL, Plaintiff,

v.

A.L. LOCKHART, Director, Arkansas
Department of Correction,
Defendant.

No. PB-C-87-316.

United States District Court,
E.D. Arkansas,
Pine Bluff Division.

June 29, 1990.

Richard Medlock, Little Rock, Ark., for plaintiff.

Clint Miller, Asst. Atty. Gen., Little Rock, Ark., for defendant.

## MEMORANDUM OPINION

ROY, District Judge.

Before the Court is the Petition for Writ of Habeas Corpus of Bobby Ray Fretwell, petitioner herein, to which respondent has fully responded. After numerous and lengthy delays, the Court has carefully reviewed all pleadings and submissions of both parties and the petition is ripe for consideration on its merits.

Early on the morning of December 14, 1984, petitioner gained entry into the home of Sherman Sullins, a resident of Marshall, Arkansas. Petitioner proceeded to rob Mr. Sullins of his money at gun point and struck him on the head with the weapon. When that blow failed to render Sullins unconscious, petitioner placed the barrel of the gun against Sullins' temple and shot and killed him. Petitioner then took the keys to Sullins' pick-up truck and fled, along with petitioner's wife and another companion, in that vehicle. Petitioner and his companions were ultimately arrested in the State of Wyoming while traveling in Sullins' truck. The murder weapon was subsequently found in the truck.

Petitioner was returned to Arkansas and charged with capital murder in the slaying of Sherman Sullins. A plea of not guilty by reason of insanity was initially entered on petitioner's behalf, but that plea was withdrawn after psychological and psychiatric examinations revealed that petitioner was competent both at the time of the commission of the offense and the time of trial. Trial counsel for petitioner then attempted to persuade the trial court to permit petitioner to plead guilty to capital murder in exchange for an agreement to sentence petitioner to life imprisonment without the possibility of parole. The trial court denied that request when the prosecuting attorney objected, as was his right under Arkansas law.

Trial counsel filed a number of pre-trial motions, most notably a motion to suppress several confessions given by petitioner, first to the authorities in Wyoming and later to those in Arkansas. On August 6, 1985, just prior to the beginning of the guilt phase of petitioner's trial, the trial court conducted a hearing on the motion to suppress. After hearing testimony from law enforcement officials from Wyoming and Arkansas, from a psychologist and a psychiatrist from the Arkansas State Hospital, and from petitioner himself, the trial court concluded that petitioner had made a knowing and intelligent waiver of his right against self-incrimination and that the confessions had been voluntarily given. The motion to suppress was denied.

After considering the overwhelming evidence against his client and the circumstances surrounding the crime, trial counsel determined that it was in his client's best interest to admit his culpability to the jury and appeal to their mercy in an attempt to avoid imposition of the death penalty. The record reflects that petitioner agreed with trial counsel's strategy and willingly went along with it. Rather than put the prosecution to its burden of proving petitioner's guilt, trial counsel and petitioner admitted his culpability throughout the guilt phase of the trial and appealed for mercy, either by a conviction for first degree murder or imposition of a sentence of life without parole. Petitioner was convicted of capital murder on August 7, 1985.

Immediately after the jury returned its verdict of guilty on the charge of capital murder, the trial court commenced the sentencing phase of the trial. The prosecution declined to put on any additional evidence of aggravating circumstances beyond that adduced during the guilt phase. Trial counsel called both petitioner and Dr. Douglas Stevens, a clinical psychologist, as witnesses on petitioner's behalf in an effort to establish mitigating circumstances. In the closing arguments, the prosecution argued that the evidence had established the existence of two aggravating circumstances—one, that the murder was committed for pecuniary gain, and, two, that the murder was committed to facilitate petitioner's escape. Trial counsel argued that neither of those allegations constituted valid aggravating circumstances under the law and that the evidence had clearly established that petitioner's difficult and disadvantaged childhood was a mitigating factor for the jury.

The trial court submitted the two aggravating circumstances advanced by the prosecution for the jury's consideration. After deliberating for approximately six and one-half hours, the jury found that petitioner had committed the murder for pecuniary gain and found no mitigating factors in petitioner's favor. The jury determined that petitioner's punishment should be death.

Petitioner's conviction and sentence were affirmed on appeal to the Supreme Court of Arkansas in 1986. *Fretwell v. State,* 289 Ark. 91, 708 S.W.2d 630 (1986). Petitioner's subsequent petition for post-conviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure was denied on April 27, 1987. *Fretwell v. State,* 292 Ark. 96, 728 S.W.2d 180 (1987). Thereafter, on May 27, 1987, petitioner filed the petition now before this Court.

Petitioner advances the following five grounds for relief from his conviction and sentence:

1. Petitioner was denied effective assistance of counsel at the guilt phase of his trial in violation of his rights under the Sixth and Fourteenth Amendments.

2. Petitioner was denied effective assistance of counsel at the guilt phase of his trial in violation of the Sixth and Fourteenth Amendments because counsel failed to prepare and present evidence at the suppression hearing on defendant's confession.

3. Petitioner was denied effective assistance of counsel at the guilt phase of his trial in violation of his rights under the Sixth and Fourteenth Amendments because counsel argued for the inclusion of an erroneously worded jury instruction on the lesser included offense of first degree murder.

4. Petitioner was denied effective assistance of counsel at the penalty phase of his trial in violation of his rights under the Sixth and Fourteenth Amendments because counsel failed to investigate or prepare for the penalty phase.

5. The trial court erred in refusing to set aside the verdict as being contrary to the evidence.

■ Petitioner's fifth ground for relief, that the trial court erred in refusing to set aside the verdict, was not raised on appeal to the Supreme Court of Arkansas. Further, no explanation for the failure to raise that point on appeal has been advanced. Accordingly, review of that claim in this federal habeas corpus proceeding is barred. See *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *see also*

*Stokes v. Armontrout,* 893 F.2d 152 (8th Cir.1989).

■ In his second ground for relief, petitioner contends that he was denied effective assistance of counsel during the guilt phase by trial counsel's failure to prepare and present evidence at the suppression hearing. The Court has thoroughly reviewed the transcript of the suppression hearing held on August 6, 1985. Trial counsel objected to holding the hearing at that time due to the unavailability of his expert witness, Dr. Stevens, at that time. That objection was overruled. It is apparent from the transcript that trial counsel had indeed prepared a strategy for the suppression hearing. Every witness was questioned about the coercive effect of petitioner's arrest and questioning in Wyoming, and the possible exacerbation of that effect by fatigue. The state's experts were also questioned about the possibility of petitioner being predisposed to coercion by certain personality traits. Finally, although Dr. Stevens was unable to attend the hearing, the trial court had trial counsel state on the record what the substance of Dr. Stevens' testimony would have been and accepted that testimony as true for the purposes of the motion.

■ Allegations of ineffective assistance of counsel are governed by the holding of the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prevail upon such a claim, a petitioner must show that trial counsel's performance seriously undermined the proper functioning of the adversarial process and that counsel's error resulted in prejudice so pronounced as to have deprived petitioner of a fair trial. In other words, the petitioner must establish a reasonable probability that a different result would have attained but for counsel's errors.

The Court finds that petitioner has failed to show in this case that trial counsel's performance with respect to the suppression hearing fell outside the range of reasonable professional assistance. Moreover, the evidence presented at the hearing was clearly sufficient to establish the voluntari-

ness of petitioner's confessions. The Court is convinced that the suppression motion would have been denied regardless of trial counsel's conduct. From all the matters and circumstances presented, the Court finds no merit in this ground.

■ In ground three petitioner asserts that he was denied effective assistance of counsel during the guilt phase on account of trial counsel's insistence on the inclusion of an erroneous jury instruction on the lesser included offense of first degree murder. While other counsel may have preferred that the instruction be worded differently, the Court cannot say that trial counsel was ineffective because of his preference for the language used. Under the instructions given, the jury was advised that first degree murder is a lesser included offense of capital murder and that they could find petitioner guilty of either, or not guilty of both. The Court finds no significant deficiency in counsel's conduct on this point. Again, in light of the evidence presented and the circumstances attendant to this case, the Court is convinced that the jury would have convicted petitioner of capital murder regardless of the wording of the instructions. The jury took only 25 minutes to select a foreman and return its verdict of guilty on the charge of capital murder. The Court finds no merit in this ground for relief.

In his first ground for relief, petitioner contends that he was denied effective assistance of counsel at the sentencing phase of the trial by counsel's failure to object to the submission to the jury of the aggravating circumstances of "pecuniary gain" and "escape."[1] Inasmuch as the jury did not find that the murder was committed to facilitate an escape, petitioner was not prejudiced by the submission of that aggravating circumstance.

■ The Court does, however, have grave concern about trial counsel's failure to object to the trial court's submission to the jury of pecuniary gain as a potential aggravating circumstance in the sentencing phase of this robbery/murder case. Some seven months prior to petitioner's trial, the United States Court of Appeals for the Eighth Circuit had condemned the practice of submitting pecuniary gain as an aggravating circumstance in robbery/murder cases. *Collins v. Lockhart*, 754 F.2d 258 (8th Cir.1985), *cert. denied*, 474 U.S. 1013, 106 S.Ct. 546, 88 L.Ed.2d 475 (1985).[2] Trial counsel was apparently unaware of *Collins*, for he failed to raise it at trial and on appeal. As an attorney representing a defendant in a capital murder case, trial counsel had a duty to be aware of all law relevant to death penalty cases. The Court finds trial counsel's ignorance of *Collins* to have been a serious and significant error. Having so found, the Court must now determine, pursuant to *Strickland*, whether this error had a prejudicial effect on the outcome of the trial.

Two potential aggravating circumstances were submitted to the jury for their consideration in the sentencing phase of petitioner's trial. The jury unanimously found that only one—that petitioner had committed the murder for pecuniary gain—had been established. This Court is confident that the trial court would have followed the ruling in *Collins* had trial counsel made an appropriate motion. Although *Collins* has since been overruled, it was the law in the Eighth Circuit at the time of petitioner's trial and this Court has no reason to believe that the trial court would have chosen to disregard it. Thus, had the trial court declined to submit pecuniary gain as a possible aggravating circumstance, the jury would have had no option but to sentence petitioner to life imprisonment without parole. The prejudice to petitioner from counsel's error is obvious. The Court finds that petitioner was deprived of effective assistance of counsel during the sentencing phase of his trial. Having found ineffec-

---

1. The discussion under ground one does not square with the heading, so the Court has disregarded the heading in its discussion of this point.

2. Although *Collins* was eventually overruled in *Perry v. Lockhart*, 871 F.2d 1384 (8th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 378, 107 L.Ed.2d 363 (1989), it was the law in the Eighth Circuit for more than four years.

tive assistance of counsel on this point, the Court will not address petitioner's ground concerning trial counsel's alleged failure to investigate or prepare for the penalty phase.

The sentence of death by electrocution imposed against petitioner shall be vacated and set aside. Unless the State of Arkansas decides to conduct another sentencing hearing in petitioner's case within ninety days of the date of the Judgment entered in accordance with this Memorandum Opinion, petitioner's sentence shall be reduced to life imprisonment without the possibility of parole.